* Parker, C. J.,
delivered the opinion of the Court. The plaintiff’s action is founded upon the thirteenth section of the statute of 1793, c. 59, providing for the relief and support of the poor, &c., which enacts, among other things, that “ every town and district shall be holden to pay any expense which shall be necessarily incurred for the relief of any pauper, by any inhabitant not liable by law for his or her support, after notice and request made to the overseers of the said town or district, and until provision shall be made by them.”
The report finds that notice was given verbally to two of the overseers of Cambridge, by the plaintiff, more than two years before the commencement of the suit, that the negro woman had her lawful settlement in Cambridge, and that she had been supported by the plaintiff, according to her allegations in the declaration.
But it is objected that the notice to the overseers was not in writing. The statute does not require the notice to be in writing ; nor is there the same reason for it that exists when one town calls upon another for the reimbursement of expenses for the support of a pauper. For, in this latter case, the pauper may be supported at a distance from the town which is called upon ; and it is reasonable that they have formal and specific notice of the demand, with such information respecting the pauper as may enable them to ascertain whether they are liable or not.
In a case like the one before us, the pauper is supposed to be within the town against which the demand is made; for none but an inhabitant of the town can maintain the action, (a) The overseers may, therefore, upon general notice, satisfy themselves upon the points important for them to know, without any formal written communication.
*265 Nor is it any objection to the action that more than two years elapsed, after the notice was given, before the action was brought; for there is no special limitation of this action, as there is of an action brought by one town against another, under the ninth section of the act.
*The point most insisted on is that, as a bond was given by William Watson, to Samuel Whittemore, in the year 1793, to secure the maintenance of this negro woman, and indemnify the obligee and his heirs from any expense on that account, »he is not a pauper within the meaning of the statute, and so the town is not liable for her support.
If the bond had been made directly to the woman, she might nevertheless be a pauper; for the mere possession of a right to sue might not prevent her from falling into distress, or deprive her of the public charity provided by the laws. In this bond, however, she had no legal interest, nor could she maintain any action upon it; so that it is difficult to perceive how she can be less entitled to a support on account of its existence.
The cases cited, by the counsel for the defendants, to prove that the negro woman might have resorted to the bond, do not establish the point. They are merely cases of promises to one, to do some act for the benefit of another ; in which cases it has been held, that the promise is made substantially to him who is to receive the benefit, and that he may maintain the action, (a) There is no instance of any one, not a party to a bond, or claiming a lawful title under it, maintaining an action upon it.
If the estate of Watson is legally liable to support the pauper, in virtue of the bond, no reason has been shown why the plaintiff, who does not represent the estate, should be deprived of the indemnity provided by law for those who afford relief to paupers, when the overseers of the town shall refuse to bestow it.
Perhaps the town may be entitled to relief from the estate of Watson, if that is liable on the bond. But of this we give no opinion. (b)

Judgment on the verdict

 Mitchell vs. Comville, 12 Mass. Rep 333. 1**4

а) Felton vs. Dickinson, 10 Mass. Rep. 287. — Lent vs. Padelford, Ibid. 230.

 Windham vs. Portland, 4 Mass Rep 384.