Parker, C. J.,
delivered the opinion of the Court.
There was a sufficient consideration for the promise. The goods of Hutchins, which in his hands were liable for his debts, were trans *327 ferred to the defendant, and put into his possession. This transfer might have been avoided by the creditors of Hutchins; but there is no evidence that the possession of the defendant has ever been distuibed. The promise, founded on this consideration, was not made to Hutchins; although, without doubt, he could have maintained an action upon the contract, had he been sued upon any of the notes, which the defendant undertook to pay.
But we think also that the promise may be legally considered as made to the several creditors, whose debts the defendant undertook to pay, if they choose to avail themselves of his engagement. The promise was to pay certain particular debts; and there seems to be no reason why * it should not be treated as [ * 405 ] a promise to the creditors. It being in writing, and there being a sufficient consideration, it is no objection that it is a promise to pay the debt of another. The promise being not to Hutchins expressly, but general in its form, the assent of the creditors made them parties to the promise; and this assent is sufficiently proved, as respects the plaintiffs, by their bringing an action upon the contract. Generally he for whose interest a promise is made, may maintain an action upon it, although the promise be made to another, and not to him. Com. Dig. Action upon the Case upon Assumpsit, E.
The facts in the case sufficiently show that the note of hand given to Arnold was the property of the plaintiffs, he being their agent; and it was in fact delivered to him, as the agent of the plaintiffs (14).

Judgment on the verdict.

 [Vide Hall vs. Marston, post, 575.—Dumond vs. Carpenter, 3 Johns. 183 Raymond vs. Bernard, 12 Johns. 276.—Chapman vs. Williams, 7 Har. & Johns. 157.— Tindlay vs. Adams, 2 Can. Rep. 369.—Goodridge Al. vs. Lord, 10 Mass. 487.—Ed.]