## The TOWN OF POPLIN *vs.* the TOWN OF HAWKE.

It is not necessary, in order to entitle a person to relief as a pauper, that he should be altogether destitute of property.

But he is to be deemed a pauper who cannot relieve his immediate wants without disposing of property which is essential, and which, if parted with, must be immediately replaced, to enable him to live.

ASSUMPSIT for supplies furnished to Moses Thorn and his wife, and their two children, alleged to be paupers, and to have their settlement in Hawke.

The cause was tried upon the general issue, at October term, 1836, when it was admitted that Thorn applied to the selectmen of Poplin for relief, and that the supplies mentioned in the declaration were furnished, and due notice thereof given to the town of Hawke.

One of the questions raised at the trial was, whether Thorn and his family were, under the circumstances, to be considered as paupers, who were entitled to relief. The

facts on which this question arose were, that at the time when the supplies were furnished, Thorn had a life estate in a small house and barn and about six acres of land, and a fee in eight acres more, all lying in the town of Poplin. He resided in the house at the time, but the value of all his real estate did not exceed $100.

On the part of the town of Hawke, it was insisted, that Thorn and his family could not be considered as paupers, entitled to relief at the expense of any other town than Poplin, so long as Thorn had any property whatever. But the court instructed the jury, that under the circumstances the selectmen of Poplin were bound to relieve Thorn and his family, and that the town of Hawke was liable for the relief, if the settlement of Thorn was found to be in that town.

The jury returned a verdict in favor of Poplin, and Hawke moved for a new trial, on the ground of a misdirection to the jury.

*Bell*, for the plaintiffs.

*Tilton* and *Bartlett*, for the defendants.

Richardson, C. J., delivered the opinion of the court.

It has long been settled, that when a town, *bona fide*, relieves a person apparently a pauper, and actually standing in need of relief, the town in which such person is settled will be liable for the expense, although it may turn out that the person relieved had some property. It was so decided in *Alton* vs. *Gilmanton*, in the county of Strafford, September term, 1823.

The law is the same in Massachusetts. 15 *Mass. R.* 286, *Watson* vs. *Cambridge;* 1 *Mass. R.* 459, *Freeport* vs. *Edgecombe;* 12 *do.* 267 *and* 357; 2 *Pick. R.* 341, *New Salem* vs. *Wendell;* 11 *do.* 459, *Sturbridge* vs. *Holland.*

No man is to be considered as a pauper who has credit, or property, with which he can, under the circumstances in which he is placed, immediately relieve his wants if he will.

But when a man, with a house and a little real estate, is, by sickness, or other accident, reduced to want, he is not to be compelled to sell his house and clothing, and turn himself and family out of doors, sick and naked, in order to entitle him and his family to relief. It is not the interest of those who may be chargeable with his support that he should be compelled to do this.

The question in this case was, then, Had Thorn credit or property with which he might have relieved himself and family, without disposing of what must have been immediately replaced in order to enable him to live? If he had, he was not to be considered as a pauper. If he had not, then he was to be considered as a person entitled to relief under the statute. And the question should have been submitted to the jury with directions to that effect.

And inasmuch as the question was not thus submitted to the jury, we are of opinion that the verdict must be set aside, and a

*New trial granted.*