## George Fitch vs. James Chandler.

The defendant having received several demands from a debtor of the plaintiff, and agreed to collect the same, and, out of the proceeds, to pay four certain creditors of such debtor, of whom the plaintiff was one, their several claims, and having collected one of the demands; but it not appearing how large the claims were which the defendant was to pay, or whether either of them was entitled to priority, or had been paid, or to what sum the demands left with the defendant for collection amounted, or that he had collected any other than the one named; it was held, in an action of assumpsit on the money counts to recover the amount so collected, that the plaintiff must show either that the defendant had received the same under an agreement to appropriate it specifically to the plaintiff's debt, or that he had collected enough to pay all the demands which he had assumed to pay.

THIS was an action of assumpsit, on the money counts only, and was brought to recover the sum of $8, which the plaintiff alleged had been paid to the defendant by a debtor of the plaintiff, with an agreement that the defendant should pay the same in behalf of such debtor to the plaintiff.

On the trial, which was before *Hoar,* J., in the court of common pleas, the plaintiff introduced evidence tending to prove, that the defendant had received several demands, in favor of the debtor and from him (on his leaving for the south), against divers individuals, which he, the defendant, agreed with such debtor to collect, and to pay out of the proceeds to four certain creditors of said debtor their several demands, among whom was the plaintiff.

The plaintiff further proved, that the defendant had collected one of the demands, amounting to the sum of $9·25, before this action was brought.

There was no evidence how large the demands were which the defendant was to pay, or that either of them was entitled to any priority, or had been paid; or to what sum the demands left with him for collection amounted, or that he had collected any other than the one named.

The court charged the jury, that in order to maintain the action upon these facts, the plaintiff must satisfy them that the defendant had received this sum of $9·25 under an agreement to appropriate it specifically to the plaintiff's debt, or else that he had collected enough to pay all the demands which he had assumed to pay.

The verdict was for the defendant, and the plaintiff excepted.

*G. R. M. Withington,* for the plaintiff.

There was no appearance for the defendant.

METCALF, J. The plaintiff proceeds on the ground that his debtor placed funds in the defendant's hands, with an agreement between the defendant and the debtor, that the defendant should pay the plaintiff the amount of his claim on the debtor. This, if proved, constitutes a good cause of action against the defendant; the agreement being by simple contract. *Arnold* v. *Lyman,* 17 Mass. 400.

Is the alleged cause of action proved? The plaintiff, at the trial, offered evidence that his debtor had put demands into the hands of the defendant, for collection, which the defendant agreed to collect, and to pay, from the proceeds, four creditors (of whom the plaintiff was one) their respective demands. The only demand, which the plaintiff proved that the defendant had collected, was one of $9·25. But there was no evidence to show the amount of the demands which the defendant was to collect, or of the demands which he was to pay. Nor was there any evidence that the defendant had paid either of the demands which he agreed to pay, or that either of those demands was entitled to any priority. The court thereupon instructed the jury, that the plaintiff's action could not be maintained, unless the plaintiff received the $9·25 under an agreement to appropriate it specifically to pay the debt due to the plaintiff, or unless the defendant had collected sufficient to pay all the demands which he assumed to pay.

We are of opinion that this instruction was right. What is the plaintiff's claim? It is the whole of his debt. But as he has no priority, and as the defendant has not collected enough to pay all the creditors, it would be not only unjust, but also contrary to the intention of the parties, that the plaintiff should receive his whole claim, and leave $1·25 only in the defendant's hands, for the other creditors. Each of those creditors might as well have brought this action, as the plaintiff.

If the sum in the hands of the defendant, after he shall have finished the collection, is less than the demands which it was intended to discharge, the four creditors may probably be entitled to payment *pro rata.* But this need not be decided now.

It was argued for the plaintiff, that it might be presumed, from lapse of time, that the defendant had collected all the demands that were put into his hands. But the proof is only that he has collected one of them; and the exceptions do not show what time elapsed between the putting of the demands into the defendant's hands and the commencement of this

action. So that if such a presumption could ever be raised, it cannot be raised in this case, at this stage of it. And if the negligence of the defendant, in not collecting the demands, were the gravamen, the declaration should be framed accordingly, in a special count. *Exceptions overruled.*