## Samuel C. Dow *vs.* Joseph W. Clark & others.

An agreement, not under seal, made in consideration of the transfer of the greater part of the stock in a corporation, and by which the purchasers of the stock promise the sellers to pay all the debts of the corporation, (without specifying the names or number of such creditors, or the amount of their demands,) provided they shall not exceed a certain amount, will not support an action by one of the creditors against such purchasers.

Action of contract to recover the amount of certain bonds of the Concord and Claremont Railroad Company, a corporation duly established by the laws of New Hampshire, bearing

date and issued on the 1st of February 1850, and payable in five years from date, with interest. The parties submitted the case to the decision of the court upon the following statement of facts :

On the 12th of August 1852 Anthony Colby and eight others severally transferred to persons by them designated their stock in said railroad corporation, being three fourths of the whole amount of said stock, and thereby gave to the defendants and their friends the complete control of the affairs of the corpora-tion ; and the defendants afterwards caused all the stock so transferred, and consequently the control of said railroad, to be transferred to the Northern Railroad, another corporation estab-lished by the laws of New Hampshire.

The defendants, at the time of this transfer by said Colby and others, and in consideration thereof, and as a part of the con-tract with them, executed an agreement, not under seal, reciting said transfer, and in consideration thereof agreeing " to and with said Colby" [and others] "and each and every one of them, that we will pay all the debts, demands and claims, of every descrip-tion and kind, that said corporation now owe, whether the same are now due or become due at some future day, including four-teen thousand seven hundred dollars bonds dated February 1st 1850, one hundred thousand dollars first mortgage bonds, and one hundred and fifty thousand dollars second mortgage bonds, payable at future days ; " and further agreeing to indemnify said Colby and others against " all loss, costs or expenses accru-ing to them or either of them on account of their connection with said corporation, by reason of their individual liability as stockholders of said corporation under the laws of New Hamp-shire, and of their liability as indorsers of the notes and other paper of said corporation ; " and further agreeing " to and with said Colby" [and others] " that we will pay and discharge all and several the debts and liabilities of said corporation, as they shall respectively from time to time mature and become due ; provided said debts and liabilities are not to exceed in the whole the sum of four hundred and twenty thousand dollars."

The bonds sued upon were part of the bonds first mentioned

in this agreement, and were all owned by the plaintiff at the date of the writ, and some of them on the 12th of August 1852. The whole amount of the debts and liabilities referred to in this agreement did not exceed the sum of four hundred and twenty thousand dollars. And the defendants have paid, pursuant to said agreement, some part of the debts of the Concord and Claremont Railroad Company.

The defendants also delivered to each stockholder in that corporation, who transferred his shares to persons designated by them, an agreement, not under seal, to pay all sums which he might be individually holden to pay as a stockholder of said corporation, and to indemnify him against any loss, cost or expense which might arise or accrue from his individual liability as stockholder.

*B. F. Butler,* for the plaintiff, cited *Arnold* v. *Lyman,* 17 Mass. 400; *Hall* v. *Marston,* 17 Mass. 575; *Colt* v. *Root,* 17 Mass. 229; *Lent* v. *Padelford,* 10 Mass. 230; Com. Dig. Action upon the Case upon Assumpsit, E.; *Todd* v. *Tobey,* 29 Maine, 219; *Motley* v. *Manufacturers' Ins. Co.* 29 Maine, 337; *Cutler* v. *Everett,* 33 Maine, 201; *Dumond* v. *Carpenter,* 3 Johns. 183; *Raymond* v. *Bearnard,* 12 Johns. 276; *Chapman* v. *Williams,* 7 Har. & Johns. 157; *Findley* v. *Adams,* 2 Day, 369.

*E. R. Hoar,* for the defendants.

METCALF, J. The defendants, by their agreement (not under seal) with Anthony Colby and others, upon the consideration therein set forth, promised to pay all the debts of the Concord and Claremont Railroad Company, including certain bonds given by the corporation, which are now owned by the plaintiff, and a part of which he owned at the date of the defendants' agreement, and to save said Colby and others harmless from all loss or expenses on account of their connection with said corporation. No part of the consideration of this promise moved from the plaintiff; nor was the promise, in terms, made to him or to any other creditor of the corporation, but only to Colby and others. Can the plaintiff maintain an action on this promise? He relies, in argument, on the position, that a party, for whose benefit an unsealed promise is made, may maintain an

action thereon, though it is made to a third person. And this
anomalous doctrine has been applied by this court to the classes
of cases mentioned in *Mellen* v. *Whipple*, 1 Gray, 317, but to
no other. In all other cases, the court have adhered to the gen-
eral rule of the common law, that a plaintiff, in an action on a
simple contract, must be the person from whom the considera-
tion of the contract actually moved, and that a stranger to the
consideration cannot maintain an action on it. And, as we
have heretofore announced, we have no inclination to make any
further exceptions to that rule. *Millard* v. *Baldwin*, 3 Gray, 486.
*Field* v. *Crawford*, 6 Gray, 117.

The main reliance of the plaintiff's counsel is on the case of
*Arnold* v. *Lyman*, 17 Mass. 400. But we are of opinion that
there is an important difference between that case and this. In
that case, Hutchins, a debtor of Arnold, transferred property
to Lyman, who promised Hutchins to pay certain enumerated
debts of his, of specified amounts, to certain persons named
and among them the debt that Hutchins owed to Arnold. Ly-
man therefore knew how much, and to whom, he was to make
payment; and he was held liable in an action brought in the
name of one of those whom he had specifically promised to
pay. Such also were the facts in *Fitch* v. *Chandler*, 4 Cush.
254, where the doctrine of *Arnold* v. *Lyman* was recognized.

But, in the present case, the defendants' promise was to pay all
the debts of the railroad corporation, without any specification
of the names or number of its creditors, or of the amount of
their demands. If the plaintiff can maintain this action, so
may every one of the other creditors of the corporation, what-
ever may be their number, maintain a like action; and the
defendants may be held answerable to persons of whom they
never heard. And they will be bound, in such actions, to liti-
gate the question, whether the party who sues them has a legal
claim on the corporation. Such has never yet been held, either
in this commonwealth or in England, to be the application of
the doctrine relied on by the plaintiff, that on a promise made
by A to B to pay B's debt to C, C may maintain an action
against A. All the cases, here and in England, in which actions

have been supported under this doctrine, are those in which the party sued had promised to pay a debt due to the person suing on the promise. If any of the courts of any of the states in the Union have extended this doctrine to cases not distinguishable from the one at bar, we cannot follow them.

We do not determine the question, whether the adjudged cases, on which the plaintiff relies, are applicable to a promise to pay the debts for which a third person alone is liable, or for which the party, to whom the promise is in terms made, is contingently liable, (as in this case the stockholders of the railroad corporation are thus made liable, by the Compiled Laws of New Hampshire, *c.* 147, for the debts of the corporation,) but we decide this case on the ground above stated, precisely as if the defendants had made such a general promise to Colby and others to pay the debts for which they alone were liable. And no inference is to be drawn from this decision as to our opinion on the question above suggested.

*Judgment for the defendants.*