BENJAMIN F. BRISTOW *et al.*, Plaintiffs in Error, *v.* ALEXANDER T. LANE *et al.*, Defendants in Error.

ERROR TO MORGAN.

If a general demurrer is filed to a declaration which contains more than one count, if one of them be good, the demurrer must be overruled.

A third party may maintain an action on a promise made to another for his benefit.

THE declaration in this case, which was demurred to, is as follows:

Alexander T. Lane, etc., partners, trading and doing business under the name, style and firm of A. T. Lane & Co., of Philadelphia, plaintiffs in this case, complain of Benjamin F. Bristow and Benjamin Newman, defendants in this case, summoned, etc., in a plea of assumpsit. For that, heretofore, to wit: on the 22nd day of March, A. D. 1857, at, to wit: at the county aforesaid, one Moses Clampit was indebted to the said plaintiffs in the sum of one hundred and ninety $\frac{9}{100}$ dollars, with interest thereupon from the sixth day of September, 1856, and due and payable six months after the date thereof, on, etc., at, etc.; and the said Clampit being so indebted as aforesaid, the said defendants, in

consideration that the said Moses Clampit would convey to them, the said defendants, certain real estate situated in Jacksonville, in the county aforesaid, they, the said defendants, undertook and promised the said Moses Clampit to pay his, said Clampit's, debts in the city of Philadelphia, and in the city of New York, contracted by the said Clampit in the Spring of the year 1856, in a reasonable time thereafter; and the said plaintiffs aver that in consideration of the said agreement, the said Clampit did then and there convey to the said defendants the real estate aforesaid by deed, which deed was then and there accepted and received by the said defendants, of and from the said Clampit; and the said plaintiffs aver that the debt to them as aforesaid, is one of the debts contracted to be paid by the said defendants as aforesaid, whereby and in consideration of the premises, the said defendants then and there became liable to pay them the said sum of money in said notes specified, with interest thereon as aforesaid, when they should be thereunto afterwards requested; and being so liable, then and there undertook, etc.

2nd Count. For that heretofore, to wit: on the 22nd day of March, 1857, at, to wit: at the county aforesaid, the said defendants made their certain agreement, in writing, with one Moses Clampit, which said agreement is in the words and figures following, to wit:

"We hereby agree and bind myself to compromise with the creditors of Mr. Clampit, in Philadelphia and New York, lift the notes held against him in the said cities, contracted in the Spring of 1856: *provided,* in the compromise I can make such arrangements as not to sustain any loss by Mrs. Clampit withholding her signature from a deed to their house and lot in Jacksonville.

(Signed)            B. F. BRISTOW,
                      B. NEWMAN."

"The above obligation is in consideration of a house and lot deeded to me by Mr. Clampit, this March 22nd, 1857.

                      B. F. BRISTOW,
                      B. NEWMAN."

By which said agreement the said defendants therein bound themselves to pay certain debts for the said Moses Clampit, contracted in the cities of Philadelphia and New York, in the Spring of the year 1856, provided the same could be done without loss to them by reason of Mrs. Clampit, the wife of the said Moses Clampit, refusing to join her husband in a deed heretofore made by the said Moses Clampit, conveying a certain house and lot in the town of Jacksonville, in said county. And the plaintiffs aver that the said Moses Clampit was then and there indebted to the said plaintiffs in the sum of one hundred

and ninety dollars, with interest thereon from the sixth day of September, 1856, according to a certain note of the said Moses Clampit, dated March 6th, 1856, due and payable to the said plaintiffs six months after the date thereof; and the said plaintiffs further aver that the said debt was contracted by the said Moses Clampit with the said plaintiffs on the day and date of the said note, in and at the city of Philadelphia, and the said plaintiffs did then reside in the said city of Philadelphia; and said debt was and is one of the debts referred to and included in the agreement aforesaid; and the said plaintiffs further aver that the said defendants had, before the commencement of this suit, acquired a good and complete title to the real estate aforesaid. By reason of the premises the said defendants became liable to pay to the said plaintiffs the said sum of money in said note mentioned, with interest as aforesaid, when they should be thereunto afterwards requested; and being so liable, they undertook and promised, etc.

Error assigned : the court below erred in overruling the demurrer to each of the counts of the declaration.

J. W. STRONG, and D. A. AND T. W. SMITH, for Plaintiffs in Error.

I. L. MORRISON, for Defendants in Error.

BREESE, J. This was a demurrer to a declaration containing two counts, not several to each, but to "both counts." The demurrer was overruled, and we think correctly, as there is no substantial objection to either count. But if the first count be defective, the second is good, and the rule is well settled, that on a demurrer to a declaration containing more than one count, if one of them be good, the demurrer must be overruled. *Young* v. *Campbell et al.*, 5 Gilm. R. 83 ; *Walton* v. *Stephenson*, 14 Ill. R. 77.

But it is objected that the declaration shows no cause of action in favor of the plaintiffs, as they are not named in the written undertaking of the defendants—that there is no privity between them, they being strangers to the consideration.

It was formerly held as a rule of law that no stranger to the consideration of an agreement could have an action on such agreement, although made expressly for his benefit; and this is now the rule in England. *Price* v. *Easton*, 1 Barnwell & Adolphus, 433. In this case, Littledale, J., said, "This case is precisely like the case of *Crow* v. *Rogers*, and must be governed by it." That case is reported in 1 Strange, 592, and is in assumpsit, the plaintiff declaring that whereas one John Hardy

was indebted to the plaintiff in seventy pounds, upon a discourse between this Hardy and the defendant, it was agreed that the defendant should pay the plaintiff's debt of seventy pounds, and that Hardy should make the defendant a title to a house. Then he avers that Hardy was always ready to perform his part of the agreement, and that the defendant, in consideration thereof, promised to pay the plaintiff. The defendant demurred, in writing, that there was no consideration moving from the plaintiff to support this promise; and the case of *Browne* v. *Mason*, 1 Ventris, 6, and 2 Kebley, 457–527, was cited; where A, being severally indebted to B and C, and having a debt due him from D, C, in consideration that A would permit him to sue D in his name, promised to pay B. And it was held that this being matter of no trouble to the plaintiff or benefit to the defendant, he was a stranger to the consideration, and could maintain no action.

On the other side was cited the case of *Dutton* v. *Poole*, 1 Ventris, 318–332, where it was held that assumpsit lay for the daughter upon a promise by the heir to pay her portion, in case the father would not fell timber; and the case of Rolls' Abr. 32, where goods were given to A, on consideration to pay B twenty pounds, and it was resolved B might maintain assumpsit. The court gave no opinion, but adjourned the case until it was moved again, and without much debate, the court held, the plaintiff was a stranger to the consideration, and gave judgment for the defendant.

This case, decided " without much debate," is the substratum of all the ruling of the British courts on this question, up to this time.

In this country the right of a third party to bring an action on a promise made to another for his benefit, is generally asserted, and is the prevailing rule with us. *Hind* v. *Holdship*, 2 Watts (Penn.) R. 104; *Arnold et al.* v. *Lyman*, 17 Mass. R. 400; *Hall* v. *Morton*, ib. 575; *Hinkley et al.* v. *Fowler*, 15 Maine R. 285.

This doctrine was fully examined in the case of *Carnegie et al.* v. *Morrison et al.*, 2 Metcalf, 381, and Shaw, C. J., in delivering the opinion of the court, adopted the case of *Dutton* v. *Pool*, 1 Ventris, 318, which the court, in 1 Strange, 592, *Crow* v. *Rogers*, did not recognize. The Chief Justice says, " It seems to have been regarded as a settled question ever since reports have been published in this State, rather than as an open question to be discussed and considered. The position is, that when one person, for a valuable consideration, engages with another, by simple contract, to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act,

may maintain an action for the breach of such engagement."
Ibid. 402.

The case of *Arnold et al.* v. *Lyman*, 17 Mass. R. 400, is a case
very like the one before us. There a debtor in failing circum-
stances, placed property in the hands of the defendant and took
from him a written agreement reciting such deposit, and promis-
ing to pay certain debts enumerated, and amongst them that of
the plaintiff. The court considered the consideration good,
though it moved from the debtor of the plaintiff, and not from
the plaintiff himself ; and although the debtor might have main-
tained an action on this promise, had he been compelled to pay
his debt to the plaintiff, yet the plaintiff might maintain an
action in the first instance if he elected to affirm the act ·done
in his behalf, by the debtor, and avail himself of the promise of
the defendant made for his benefit.

In the case before us, real estate was conveyed by the debtor
of the plaintiffs to the defendants, on their written undertaking
to compromise with his creditors in Philadelphia and New York,
and take up the notes held against him in those cities, for debts
contracted in the spring of 1856. Now though the plaintiffs
are not named in this undertaking, all that is necessary for them
to show is, that this debt for which they sue, or this note, was
given by their debtor who made the arrangement with the ap-
pellants, either in New York or Philadelphia, in the spring of
1856. The creditors affirm this act of their debtor for their
benefit, by bringing this suit.

In *The Delaware and Hudson Canal Co.* v. *The Westchester
County Bank*, 4 Denio (N. Y.) 97, the court say, " We con-
sider it now well settled as a general rule, that in case of simple
contracts, the person for whose benefit the promise is made may
maintain an action in his own name upon it, although the con-
sideration does not move from him." See also *Farrow* v. *Turner*,
2 A. K. Marshal (Ky.) 496.

The doctrine of these cases has been recognized by this court
in two cases, *Eddy* v. *Roberts*, 17 Ill. R. 505, and *Brown* v.
*Strait*, 19 ib. 89, and we see no reason to question its correct-
ness.

The judgment of the court below is affirmed.

*Judgment affirmed.*