Staples, J.
This is an action of covenant brought *98 in the Circuit court of Sinythe county. It is founded uPon following instrument:
March 12th, 1863. 7
I hereby bind myself, my heirs, &c., to pay - the amount princjpai anc| interest due from W. A. Jones on the tract of land purchased by him of G. W. Jones and wife. Witness my hand and seal the day and date above. Abijah Thomas, [Seal.]
The defendant demurred to the declaration, and upon arg tment the demurrer was sustained, and judgment rendered in favor of the defendant. Upon appeal to the District court at Abingdon, that judgment was affirmed. The case is now before this court upon a writ of error and supersedeas to the judgment of the District court. Various grounds have been urged in support of the demurrer—now to be considered. It is insiste .1 that as the plaintiff in error is not a party to the instrument, nor the debt payable to him, he can maintain no action thereon in his own name. It is undoubtedly true that at common law an indenture or deed inter pares is only available between the parties to it, and their privies; and third jiersons can maintain no action on covenant thereon, though made for their benefit. This rule, however, does not apply to deeds poll—as to which it has been long settled that persons beneficially interested therein may sue, though not described as contracting parties.
The distinction is founded on the difference in the form and qualities of the respective instruments. A deed inter pares is an agreement under seal between two or more persons executing the same, and entering into reciprocal obligations with each other. It is a solemn declaration that all the covenants comprised in the instrument, are intended to be made between those parties and none others. A deed poll on the other hand, is the act of a single party, and is in the nature of a *99 declaration made by bim of bis intentions or obligations to some other person.
The case chiefly relied- on by the learned counsel for - the defendant in error, is that of Green v. Horne, 1 Salk. R. 197. That was an action of covenant upon an instrument in these words : “ I (the defendant) do .promise and engage myself to bring in the body of A, to the custody of B, bailiff (such a day). The plaintiff declared that A, being indebted to him, and arrested at his suit, the defendant, in consideration that the plaintiff" would order the bailiff", to let A go at large, covenanted with the plaintiff to bring in the body of A, and deliver him to the custody of the bailiff.” The court held that the plaintiff was no party to the deed, and could not maintain an action upon it.- Row, it will be observed that the defendant’s covenant was to produce the body of A, and deliver him to the custody of the bailiff". But the plaintiff is not named, nor in any manner alluded to therein. Whatever connection he had with, or interest in, the covenant, could only be shown 'by testimony dehors the deed.
In Sunderland Marine Ins. Co. v. Kearney, 71 Eng. C. L. R. 925, 937, the objection was made that the plaintiff was improperly joined as a party, his name not being mentioned in the policy on which the action was brought; and in support of this objection much reliance was placed on the case of Green v. Horne. Lord Campbell, delivering the opinion of the Queen’s Bench, said it could not be meant by that rule that the party’s name of baptism and his sir name, must necessarily be set out. If he be sufficiently designated in the deed, this must be enough to entitle him to sue for breach of covenant. A description which cannot be mistaken, is, for this purpose, as good as the actual name of the individual. And in Fellows v. Gilman, 4 Wend. R. 414, the Supreme court of New York thus expressed the rule : “ It must undoubtedly appear that the covenant alleged to have *100 been broken, was made for the benefit of the person bringing the action. He must in some manner be pointed out or designated in the instrument, but it is not necessary his name should in terms be used. The ¿¡efenc[aof s covenant is to pay each and every person such sum as the constable shall become liable for. This, in connection with the allegations in the declaration, shows, as satisfactorily as in the case of an heir or executor, that the plaintiff was one of the persons for whose benefit the covenant- was executed.” See also 2 Lomax Dig. 9; 4 Comyn Dig. 282: Chiles v. Conley's heirs, 2 Dana’s R. 21; Webb v. Denn, 17 How. U. S. R. 576. These cases show the inclination of the courts to give effect to the contracts of parties, and never to declare them void if by any reasonable and fair construction they can be made good. They establish the proposition that persons not described as parties in deeds poll, or even mentioned as having beneficial interest therein, may sue thereon in their own name, if it manifestly appears the.covenants ivere made for their benefit.
Applying these principles to the covenant here, it is clear the plaintiff in error has a right of action thereon. Slight attention to the language of the instrument will show, that the covenant was made with him, and was intended for his benefit; the obvious design and effect being to relieve him of the payment of the debt due to G. W. Jones. It may operate also to the advantage of the latter in the additional security afforded him, but the person chiefly and primarily interested, is the’ debtor, in the relief afforded him against a heavy pecuniary obligation binding him personally not merely, but also constituting a lien upon the real .estate purchased from G. W. Jones.
It was argued, however, that George W. Jones is also designated in the instrument; and as the money, by the terms of the covenant,.is to be paid to him, the suit should have been in his name.
*101 In actions upon parol contracts, the rale is well established, that the party may sue thereon with whom the contract is made, or who is beneficially interested in it. When a promise is made to a person indebted to another, to pay the debt to the creditor, and the latter is a stranger to the contract and to the consideration, the party to whom the promise is made alone has the right of action thereon. A modification of this rule is to be found in a class of cases which hold that where the debtor places money or property in the hands of a third person as a fund from which the creditor is to be paid, the latter may maintain an action against the holder of the fund. In such case a trust is created, and a promise inferred on. the part of the holder, from his acceptance of the fund without objection, to pay the creditor. Ross v. Milne, 12 Leigh, 204; Arnold v Lyman, 17 Mass. R. 400, 575; and cases cited in 3 Rob. Prac. 18 and 19.
In actions upon sealed instruments different principles apply. When a debt exists from one person to another, and an obligation or bond is given toj the debtor to discharge such debt, he alone can maintain an action for the breach of such obligation. In McAlister v. Marbury, 4 Humph. R. 426, A bound himself by covenant to pay for B certain debts due by B to O. C instituted an action of covenant against A on the instrument. It was held that he had no legal interest therein, and that. an action in his name would not lie. It is laid down in 2 Tucker’s Com. 209, and the proposition is sustained by numerous authorities there cited, that when a covenant is made with A to pay him or a third person a sum of money for the benefit of the latter, the action must be brought in the name of A ; and the third person cannot even release the demand. See also Millard v. Baldwin, 3 Gray’s R. 484; Watson v. Inh. of Cambridge, 15 Mass. R. 286; 3 Rob. Prac. 15.
If the covenant in this case had been made in fact with George W. Jones, as it might have been, there *102 would be no question of his right to sue thereon in .his own name. And I am inclined to think that, as it is for his benefit, although not made with him, he might maintain the action under the provisions of the 2d sec. chap. 116, Code of 1860. These provisions, however, do not affect the interests of William A. Jones, the plaintiff in error. The effect of this statute is not to divest rights, but to afford remedies to parties not allowed by technical rules of pleading at common law.
It is said, however, that on the face of the instrument here, it is uncertain whether the covenant was made with George W. Jones and for his benefit, or with the plaintiff in error. It appears, by an inspection of the paper as it was originally drawn, the blank was filled with the name of the plaintiff in error as payee, and the contract in that condition, was a covenant to pay him the .debt due George W. Jones. Subsequently, the name of the plaintiff in error was erased by running a line acros3 it, but yet leaving the name sufficiently distinct. It probably occurred to the parties after the instrument was drawn, that as the arrangement was for the defendant, Thomas, to pay an existing debt due to Geoi’ge W. Jones, it was inconsistent with that arrangement to stipulate for its payment to the plaintiff in error; and so the name was erased, leaving it an obligation to pay George W. Jones.
Whether this be or not, the correct solution, the name of the plaintiff in error in the connection with which it is mentioned, clearly indicates him as the real party to the transaction, and as the person for whose benefit it was made. This presumption is rendered conclusive by the delivery to the plaintiff in error, and his acceptance of the obligation. In Coit v. Starkweather, 8 Conn R., 289, a person known 'as A. B. was mentioned in the deed. There were, however, two persons known by that name, A. B. and A. B., jun. It was decided to be competent to show that the latter was intended, though the addi *103 tion of jun. was omitted. The evidence adduced was, that the son negotiated for the deed, and that it was delivered to and intended for him. Such evidence does not introduce into the deed a new name or another description. Its effect is simply to identify the person, and apply' the provisions of the instrument to the subject for which they are obviously intended.
In an action upon an I. O. U., signed by the defendant, objection , was made to the introduction ot the paper, upon the ground there was no proof it had been given to the plaintiff. But it was held that the production of the instrument by the plaintiff was evidence that the plaintiff received it from the defendant, and established a sufficient case for him, in the absence of evideuce tending to show the paper had been in the hands of the other party. It seems to me these decisions are founded on good sense and sound principles.
A paper regularly executed in all respects, having the .solemnity of a deed, binding the obligor or covenantor to pay a debt due by A B to O D, nothing else appearing, is delivered by the party executing it to A B, is it possible to come to any other conclusion than that this was a covenant with A B, and intended for his benefit. Are the courts to declare such an instrument void because it accidentally, or from ignorance of the parties, omits to state what is perfectly apparent, that the promise was made to A B, and was intended to relieve him of the payment of the debt. No adjudicated case, no dictum of any commentator, has been cited in support of a doctrine which sacrifices the intent and meaning of the parties upon a so narrow aud rigid rule of construction. I think, therefore, the suit was properly brought in the name of the plaintiff in error.
The other objections relate to the form of the declaration ; and will now be briefly noticed. First. It is insisted there is no averment that the covenant was made with the plaintiff. In the commencement of the decía *104 ration, most appropriate for that purpose, no such allegation is made; hat further on it is distinctly averred, that "the defendant covenanted to and with the plaintiff; which is substantially sufficient.
Secondly. The declaration makes an averment of facts not contained in the obligation ; which is not allowable in declaring upon covenants. The better and most usual practice, in such cases, is to set out the covenant without any intermediate inducement or statement of the consideration. Where the deed is so defective that no action thereon can be sustained, the defect cannot be cured by an allegation of extrinsic facts; as was decided in the ease of Green v. Horne. But where the declaration sets forth a valid contract, and a good cause of action, independently of such averments, the incorporation of such extrinsic matter will be regarded as surplusage, and will not vitiate the pleading. In this case the statement that the debt was a lien upon plaintiff’s land was no doubt made with a view to show that plaintiff was exposed to the hazard of the enfoi’cemeut of that lien by reason of defendant’s failure to fulfil his covenant. The most that can be said is, that su eh an averm ent is wholly unnecessary, and may therefore be rejected as surplusage.
It was further argued, that the mere failure to pay the debt is not such a breach of the covenant as entitles the plaintiff to recover, without an averment and proof of some special damage ; and in any event it should appear that the plaintiff himself has paid the debt, or has been required to do so. The proposition is not sustained by sound reason or by the adjudicated eases.
When the undertaking is to perform a collateral act, the party may perform it any time during his life, unless hastened by request. But, wherever the stipulation is to pay money even to a third person, and no time is specified, it obliges the party to pay immediately ; and the failure to do so is a breach of his contract, for which an action will lie, and it is no answer to such action to *105 say that the plaintiff has not been injured. It would be against all justice to permit the covenantor to say that his covenantee shall subject himself to the inconvenience and embarrassment of first paying the debt before the covenantor shall be called on to pay. The latter suffers no prejudice in being required to pay the whole amount. As he failed to pay the original creditor, he should pay his covenantee: What the latter may do with the money does not concern him. ' The courts, therefore, hold that the covenantee need not show that he had paid the debt, or that he had been injured otherwise by the failure of the covenantor to comply with his engagement. All that is necessary for him to show in such case, is, that the debt due by him to the third person was not paid by the covenantor at the appointed time ; or, if no time was specified, that it had not been paid at the commencement of the suit. And, upon establishing this fact, the covenantee is entitled to a recovery of damages equal to the whole amount of the debt. These propositions are sustained by the cases of Holmes v. Rhodes, 1 Bos. & Pul. R. 638; Hodgson v. Bell, 7 T. R. 96; Port v. Jackson, 17 John. R. 239 & 479; Thomas v. Allen, 1 Hill’s R. 145; Churchill v. Hunt, 3 Denio 321; Lethbridge v. Mytton, 22 Eng. C. L. R. 181.
In the case under consideration, the covenant is not a covenant of indemnity merely, but an undertaking to pay the debt therein-mentioned; to do an act in discharge of the plaintiff' from his obligation ; and the breach of this contract entitles' the plaintiff' to damages : to what extent this court is not called on to say, as that question is not properly before us, nor have we the materials for rendering a proper decision thereon.
Upon the whole, I think the declaration substantially sufficient; and therefore the judgment of the District court and the Circuit court should be reversed, with costs; and the case remanded to' the Circuit court of Smythe county for further proceedings : upon which the *106 defendant shall have leave to withdraw his demurrer, and plead to the action, if he should so desire.
The judgment was as follows :
The court is of opinion for reasons stated in writing and filed with the record, that the declaration in the record mentioned was substantially sufficient in law, aud hence, that the said judgment of the said Circuit court in sustaining the defendant’s demurrer to the same, and the said judgment of the said District court of appeals in affirming the said former judgment, were erroneous. Therefore, it is considered that the same be reversed and annulled, and that the plaintiff in error recover against the defendant in error their costs in the said District court and in the said Circuit court, together with their costs expended in the prosecution of their writ of error here. And the cause is remanded to the said "Circuit court of Smythe county for further proceedings, in which the defendant shall have leave to withdraw his said demurrer and plead to the action if he shall be so advised.
Judgment reversed.