MANUEL H. BOALS

v.

UTTEN NIXON.

*Contracts—Parties—Action by Third Person—Bond of Indemnity.—Statute of Frauds.*

1. A simple contract between two persons for the benefit of a third will support an action by such third person.
2. Where a bond is given as an indemnity by one of the parties to the contract to the other, the person for whose benefit such contract is made is not required to bring suit on the bond.

[Opinion filed January 4, 1888.]

APPEAL from the Circuit Court of Madison County; the Hon. AMOS WATTS, Judge, presiding.

Messrs. WISE & DAVIS, for appellant.

Mr. JOHN J. BRENHOLT, for appellee.

GREEN, P. J.   Appellee brought suit against appellant before a Justice of the Peace to recover for his work and labor as a carpenter, done and performed on buildings in Alton, Illinois.

A judgment was rendered in the Justice's court against appellant, who thereupon appealed to the Circuit Court, where a trial was had by a jury, resulting in a verdict for appellee for $93, and the court having overruled defendant's motion for a new trial, rendered judgment against him on the verdict, and this appeal is taken to reverse said judgment. The record discloses these facts: That John B. Gould began the erection of the buildings on which appellee worked, and when the houses were nearly completed, discovered he could not pay for the work done and material used in building them, and after unsuccessful efforts to sell the property, instructed his attorneys to dispose of it for the claims against the buildings. An arrangement to that effect was made by said attorneys with Boals, who agreed with Gould to take the property, and in consideration of the conveyance of it to him by Gould, agreed to pay and discharge certain claims for labor and materials furnished in the erection of said houses, and, among others, the said claims of Nixon, which was left by him with said attorneys, and the amount of which, as claimed and presented by him ($93), was know to appellant at the time he made said agreement. Gould desiring an indemnifying bond to protect himself when he gave the deed, Boals executed to him such bond in the penal sum of $2,000, reciting in the condition, among other things, that said Boals *had agreed* to take the property for the claims against it for work and material furnished thereon, except claims for which orders have been given on, and accepted by Gould, and that there now remained due and payable a large sum of money to several persons (naming them), and among them naming appellee, for the material and labor furnished in the erection of buildings on said property, and that Gould and wife had, in pursuance of said agreement, by warranty deed conveyed said property to Boals. It is then provided if Boals shall pay and discharge all claims against said property for work and materials furnished in the erection of said buildings thereon (except the said excepted claims), and shall hold said Gould harmless against any and all of said claims due, the obligation to be void, etc. The execution and delivery of the deed and bond were simultaneous acts.

Appellee elected to affirm the agreement made by Gould with Boals for the payment of his claim for work, and had a right to avail himself of Boals' promise to pay said claim, and to recover in this suit against appellant for a breach of said promise, notwithstanding the consideration for it moved from Gould, and the evidence, though conflicting, justified the jury in finding the amount of appellee's claim to be $93, and that it accrued to him for work done on the Gould buildings. The evidence would also support the theory that the agreement between appellant and Gould was by parol and completed, so far as fixing its terms were concerned, before the execution of the bond, and upon such a contract this suit could be maintained. Where one person enters into a simple contract with another for the benefit of a third person, the third person may maintain an action for a breach of such contract and it is not within the Statute of Frauds. Brown v. Strait, 19 Ill. 88. And upon the theory that the agreement between Boals and Gould, for the benefit of Nixon, was embodied in the bond to Gould, which is the theory of appellant, appellee would not be compelled to bring suit upon the bond either in his own name or in the name of Gould for his use, to recover damages from Boals for the breach of said agreement. The bond was given as an indemnity and protection to Gould, who might have maintained an action on it if he had been compelled to pay his debt to Nixon, but a privity was established between the latter and Boals by the agreement of Boals with Gould, whether such agreement was by parol, or evidenced by said bond, and if appellee elected to affirm such agreement made for his benefit he could maintain action against appellant for a breach of it. Bristow v. Lane et al., 21 Ill. 194, and cases there cited; Snell v. Ives, 85 Ill. 279.

Appellee has made such election. His suit was brought, not upon the bond, but for a breach of said agreement, and he has established his right to recover. We perceive no error in the record requiring the reversal of the judgment of the Circuit Court, and it is affirmed.

*Judgment affirmed.*