WILLIAMSON-STEWART PAPER COMPANY, FOR USE,
ETC.,

v.

JOSEPH W. SEAMAN.

*Parties—Promise to Pay Debt of Another—Declaration—Demurrer.*

1.   Where one enters into a contract with another for the benefit of a
third person, such third person may maintain an action in his own name
for a breach thereof.

2.   Where the agreement is to pay the debts of the promisee, it is not
necessary to name the creditors.   It is sufficient to show that the indebted-
ness in question is due from the promisee.

3.   In the case presented, it is *held:* That the declaration disclosed a good
cause of action; and that the demurrer thereto was erroneously sustained.

[Opinion filed May 25, 1888.]

IN ERROR to the Circuit Court of Adams County; the Hon.
WILLIAM MARSH, Judge, presiding.

Messrs. CARTER & GOVERT, for plaintiff in error.

Mr. GEORGE W. FOGG, for defendant in error.

WALL, J.   The plaintiff in error brought an action of
assumpsit against the defendant in error.   The Circuit Court

sustained a demurrer to the declaration, and the only question is as to the propriety of that ruling.  It appears in substance from the averments of the declaration, that one H. U. Wheeler had incurred an indebtedness to the plaintiff for paper and other material used in carrying on the business of publishing a certain newspaper called the Quincy Herald, and that the defendant being, or claiming to be, the owner of the property and effects used in the publication of said newspaper, and being desirous of selling and delivering said property, in consideration that said Wheeler would deliver the property to one Hynes, made and delivered to said Wheeler an agreement in writing as follows: "Quincy, Ill., Jan. 22d, 1883.  I hereby agree to relieve H. U. Wheeler of all indebtedness now outstanding against the Herald office.  J. W. Seaman;" that in pursuance of said agreement, Wheeler delivered the property to Hynes, to whom the defendant had sold it; that the parties to the agreement intended thereby to refer to the indebtedness incurred by Wheeler in publishing said newspaper, of which the plaintiff's claim was a part ; that defendant had refused to pay, etc.  It is well settled in this State that, where one person for a valuable consideration engages with another by simple contract to do some act for the benefit of a third, the latter, who would enjoy the benefit of the act, may maintain an action for the breach of the engagement.  Where the engagement is to pay the debts of the promisee it is not necessary that the creditor should be named.  In such case it is sufficient for the creditor to show that his debt was due from the promisee.  The consideration need not move from the creditor and his assent will be presumed.  Eddy v. Roberts, 17 Ill. 595; Bristow v. Lane, 21 Ill. 194; Beasly v. Webster, 64 Ill. 465; Snell v. Ives, 85 Ill. 279; Barlow v. Myers, 64 N. Y. 41; Kelly v. Evans, 3 Penrose & Watts, 387; Stout v. Folger, 34 Iowa, 71; 1 Wait, Actions and Defenses, 183, 375, 390.

In the present case the defendant in writing undertook "to relieve Wheeler from all indebtedness now (then) outstanding against the Herald Office."  The natural meaning of the language thus employed, was that he would pay off that

indebtedness. Such is the ordinary import of the promise' It appears by proper averment, that Wheeler was then conducting a paper known as the Herald, and that in so doing he incurred the indebtedness held by plaintiff, which was a part of that intended and referred to, in and by the promise of the defendant. The writing is to be read in the light of surrounding circumstances in order more perfectly to understand the meaning and intent of the parties, (1 Greenl. Ev. 277, 288,) and the averments of the declaration as to the situation of the parties, and the indebtedness referred to were well made. We are of opinion the declaration disclosed a good cause of action, and that it was error to sustain the demurrer.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*