## City of Flora, for use, etc., v. Aaron M. Searles et al.

### Gen. No. 12,553.

1. BOND—*when contract construed as part of.* A contract which by the terms of the bond in question is made part thereof is as fully and completely a part of the bond itself as though copied therein at length.

2. BOND—*when beneficiaries of, may maintain action upon, notwithstanding they are not parties thereto.* Persons intended to be indemnified under the terms of a bond may maintain an action thereon in the name of the obligee, for their use, against the obligors.

Action of debt. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and judgment here. Opinion filed June 26, 1906.

**Statement by the Court.** The city of Flora for the use of A. L. Ide & Sons and the General Electric Company sued Aaron M. Searles as principal and the National Surety Company as surety in debt upon a bond to insure the city of Flora the completion of a certain contract entered into

between Searles and the city of Flora for the erection and installation of certain machinery, as provided in the contract, and the payment of all materials, machinery and labor used and furnished in the work.

The city of Flora, desiring to improve its electric light plant by addition thereto, entered into a contract with Searles on June 21, 1901, for that purpose. The contract, among other things, provided that Searles, on his part, agreed to furnish and pay for all materials, engine, dynamos, connections, machinery, instruments, equipment and labor for the said improvements to the said electric light plant as proposed by his said written proposal attached to said contract and made a part thereof; and, further, that he would fully complete and turn over said improvement free from all liens for materials and labor or otherwise.

The contract further provided that a bond be given by Searles to the city of Flora " to secure the faithful performance of this contract upon the part of said first party (Searles), and with the surety or sureties to be approved by said city council within twenty (20) days from this date."

Thereupon on June 28, 1901, Searles, as principal, and National Surety Company, as surety, executed and delivered to the city of Flora as obligee a bond in the penal sum of $4,000, making the contract a part of the bond, conditioned as follows:

" The condition of this obligation is such, that whereas, the above bounden principal, A. M. Searles, has entered into a certain contract with the above named obligee, a copy of which contract is hereto attached and hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein.

"Now, therefore, if the above bounden principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be and by the said principal kept, done and performed, at the time and in the manner in said contract specified, and shall pay over, make good and reimburse to the above named obligee all loss and damage which said obligee may sustain by reason of failure or default on the

part of said principal, then this obligation shall be null and void; otherwise, to be and remain in full force and effect."

After the contract and bond were executed and delivered Searles purchased from A. L. Ide & Sons the Ideal Engine called for by the contract, for $1,680, and it was stipulated on the trial that the amount due thereon was $1,225. About the same time Searles also purchased of the General Electric Company two generators at the price of $1,730, upon which Searles paid the General Electric Company $1,000. The engine and generators were delivered to Searles in the city of Flora, and were used and installed by him in the plant of the city under the terms of the contract. Searles did not pay Ide & Sons for the engine purchased of them; and did not pay the General Electric Company the balance due it for the two generators.

This suit was brought on the bond for the breach thereof by Searles in not paying A. L. Ide & Sons and the General Electric Company what he owed them, and to recover the amounts due and owing to them for the engine, generators, machinery, etc., furnished by them which went into the electric plant. The cause was submitted to the court without a jury. The court found the debt to be the sum of $4,000 and assessed the plaintiff's damages at the sum of $1, and ordered that on payment of the damages with interest and costs the debt be discharged.

GEORGE N. MORGAN & BRO. and JAMES S. CUMMINS, for appellant.

GOODRICH, VINCENT & BRADLEY, for appellee, National Surety Company; WARREN NICHOLS, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The record presents the question whether or not a recovery can be had on the bond for the benefit of A. L. Ide & Sons and the General Electric Company, for the amount due them for the engine, generators, machinery, etc., fur-

nished by them to Searles which went into the electric plant of the city of Flora.

It is contended on behalf of appellant that where a bond is given and conditioned that the principal obligor shall well and truly keep, do and perform each and every, all and singular, the matters and things in a certain contract at the time and in the manner specified in the contract, and the contract is attached to and made a part of the bond, both the contract and bond must be taken and read together as one instrument in order to ascertain the liability of the obligor on the bond. To this general principle we agree. The contract by the terms of the bond is made a part of the bond as fully and completely as if copied at length in the bond. Bartlett v. Wheeler, 195 Ill. 445; Jordan v. Kavanaugh et al., 63 Ia. 152; Baker et al. v. Bryan et al., 64 Ia. 561; Brown v. Markland et al., 22 Ind. App. 652; Williams v. Markland et al., 15 Ind. App. 669.

While not disputing the soundness of the above principle, the contention of the National Surety Company, appellee, is that the bond was given to appellant, the city of Flora, primarily for its benefit only, and not for the benefit of A. L. Ide & Sons or the General Electric Company, and there being no privity of contract between the surety company and the material men, no suit can be maintained on the bond for the benefit of the latter.

It is to be carried in mind that by the contract between the city of Flora and Searles the latter agreed not only to furnish, but to "pay for all materials, engine, dynamos, connections, machinery, instruments, equipment and labor for the said improvement in said electric light plant." Under this provision of the bond, we think, all persons furnishing machinery and materials and performing labor for the said improvement are beneficiaries of the bond, though not named therein, as well as the city of Flora, and are entitled to recover thereon for labor done or materials and machinery furnished by them. Jordan v. Kavanaugh, *supra;* Baker et al. v. Bryan et al., *supra.*

In Bristow et al. v. Lane et al., 21 Ill. 194, the court con-

sidered the contention made by appellee here, and after reviewing the authorities in England and in this country held that a third party might maintain an action on a promise made to another for his benefit. To the same effect is Snell et al. v. Ives, use, etc., 85 Ill. 279.

In Knapp et al. v. Swaney et al., 56 Mich. 345, the contract for the construction of a court house contained the following provision among others: "Neither shall there be any legal or lawful claims against the contractor in any manner from any source whatever, for work or materials furnished on said work and building." This provision was made in connection with provisions for payments on estimates. It was urged that the provision was *ultra vires;* that it did not concern the public whether the contractor had paid for his labor or materials, for that was a matter exclusively between the contractors and those who should deal with them. The court, by Cooley, C. J., said:

"The purpose of the stipulation is very manifest. It is that a contract a county has made shall not be the means of mischief to those who, though not contractors with the county, may perform labor or furnish materials in reliance upon the moneys to be paid under it. It would seem that to prevent such mischief was a proper object to be had in view by any public board when entering into a public contract. It would seem that there was a moral obligation in the case which the board might well recognize, even though not compelled to do so. And individuals clothed with public functions, even when constituting a corporation, are no more excused from moral obligations than when acting in a private capacity." After commenting upon the duty of a public corporation when constructing a public building to make it safe for the public, the opinion proceeds: "But if it may do this, it would be very strange if it were found lacking in authority to stipulate in the contract for the building, that the contractors, when calling for payment, shall show that they are performing their obligations to those who supply the labor and materials, and that the

county is not obtaining the building at the expense of a few of its people. We cannot think such is the case."

In City of St. Louis, use, etc., v. Von Phul et al., 133 Mo. 561, the action was on a bond similar to the bond before us in this case. Von Phul & Grimm entered into a contract with the city of St. Louis to repair the sidewalks in a certain district. At the end of and as a part of the contract was an obligation signed by the contractors and the Municipal Trust Company and Edward Butler as sureties in the penal sum of $10,000, conditioned for the proper performance of the contract, and that as soon as the contract was completed the contractors should pay to the proper parties all amounts due for material and labor used and employed in the performance thereof. The court held that a third party, not named in the contract, and though he was not privy to the consideration, might maintain an action thereon; and that it is sufficient in order to create the necessary privity that the promisee owes to the party to be benefited some obligation or duty, legal or equitable, which would give him a just claim. The court further held that the city had the implied power to require the condition of the bond upon which the plaintiff sought to recover.

The sensible and eminently just and equitable treatment of the question here involved in the decisions cited appeals to us with persuasive force and compels us to give our assent to the conclusions reached by the courts named in their adjudications upon provisions of contracts and bonds of the same legal effect as the bond before us. In doing so we are not violating the rule of *strictissimi juris* as applied to suretyship, but rather we are applying the rule to the contract and bond in question. The provision of the contract which is a part of the bond signed by the National Surety Company that the contractor Searles "pay for all materials, engine, dynamos, connections, machinery, instruments, equipment and labor for the said improvements" is too clear to admit of construction. It admits of no doubt as to its meaning, or the intention of the parties. It must be given force and effect, the same as any other provision of the bond. The contract as made is the measure of the

City of Flora v. Searles.

liability of the surety, and we regard the case made against the appellees as clearly within the provisions of the contract, and bond.

In Lancaster v. Frescoln, 192 Penn. 452, cited by appellees, it was held that the bond before the court on which the action was based was given under the special ordinance authorizing the construction of the reservoir and awarding the contract, and the decision of the court appears to be based upon the provisions of the special ordinance with which the bond conformed. The court was careful to say that an action on a bond given under the general ordinance would present an entirely different question. We do not regard the case, therefore, as authority upon the broader question here presented.

The contract involved in Electrical Appliance Company v. U. S. Fidelity & Guaranty Co., 110 Wis. 434, differed in provisions and in the intention of the parties from the contract before us. The court said: " We consider the true rule to be that there must not only be an intent to secure some benefit to the third party, but there must be a promise legally enforceable. The contract and bond in this case fail to meet these requirements. The situation presented shows a want of any intent to secure a benefit to third parties."

City of Sterling v. Wolf, 163 Ill. 467, cited by appellees, is not in point, because the contract contained no such provision as the contract here in question, and there was in it no basis or ground for finding any intent that it was made for the benefit of third persons.

The holdings of law and the judgment of the trial court were not in accord with the views expressed herein and, we think, are erroneous. The judgment is therefore reversed and judgment will be entered here in favor of the city of Flora for $4,000 debt, and for damages in the sum of $1,225, for the use of A. L. Ide & Sons, and for damages in the sum of $901 for the use of General Electric Company, and that upon payment of the damages with interest and costs the debt be discharged.

*Reversed and judgment here.*