Richard Ball *et al.*

*v.*

John Benjamin.

1.  Evidence — *construction of words used in a contract — when to be determined by a jury.* A purchased of B a machine, called a double saw bench, to be used in his planing mill; but, after the machine was ordered, and before it was delivered, formed a partnership with C. A, however, when

the machine was delivered, gave his individual note for it. Upon a subsequent dissolution of the firm, C executed to A a bond, by which he undertook to pay all the indebtedness of the firm, and " all debts due for material used in the construction of the planing mill and building occupied by them : " *Held*, in an action by B against C, wherein it was sought to recover the price of the machine, on the ground that the defendant undertook to pay it, among other debts, the bond should have been admitted as evidence, and the jury permitted to decide, in view of all the evidence, whether, by the phrase " material used in the construction of the planing mill," contained in the bond, the parties intended to include this machine.

2. PAROL EVIDENCE — *when a contract is in writing.* But evidence offered by the plaintiff, to show that the defendant, by the terms of his purchase of A's interest in the mill, was to pay the debt to plaintiff, was properly rejected, for the reason that the terms of the dissolution were embodied in the bond.

3. ACTION — *on a promise to another.* The doctrine is settled in this court, that a third party may maintain an action on a promise made to another for his benefit.

WRIT OF ERROR to the Circuit Court of Whiteside county.

The opinion states the case.

Messrs. KILGOUR & MANAHAN and Mr. D. P. JONES, for the plaintiffs in error.

Mr. F. VANDERVOORT, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court :

This was an action brought by plaintiffs to recover the value of a machine called a double saw bench, made by plaintiffs for one Call, to be used by him in his planing mill. After Call ordered the machine, but before it was delivered, the defendant entered into partnership with Call, but Call, when the machine was delivered, gave his individual note for it. This suit is based on the theory that, when Call and the defendant subsequently dissolved their partnership, the defendant undertook to pay this, among other debts.

The plaintiffs offered in evidence a bond executed by defendant to Call at the time of the dissolution, by which the defendant undertook to pay all the indebtedness of the firm and " all debts due for material used in the construction of the planing mill and building occupied by them." This offered evidence was not admitted. The plaintiffs then proposed to prove by Call that defendant, by the terms of his purchase of Call's interest in the mill, was to pay this particular debt. This evidence was also excluded, because the terms of the dissolution were embodied in the bond. This was a good reason, but the bond itself should have been admitted and the jury should have been permitted to decide, in view of all the evidence, whether by the phrase "material used in the construction of the planing mill," contained in said bond, the parties intended to include this machine. If such was their purpose, the plaintiffs were entitled to a verdict, and the jury should have been so instructed. Whether this was so used by the parties was a question of fact, which it was not proper for the court to decide, by refusing to let the bond go to the jury. The interpretation to be given to these words does not depend upon any legal principle, but upon the nature of the machine and the extent to which it was a part of the planing mill. It will be observed that the planing mill and the building are mentioned in the bond as separate things, and the question is, whether the parties intended to cover by the term " planing mill," all the machinery used in doing the work.

That the plaintiffs can maintain an action, if the defendant promised Call to pay this debt, is settled in this court by *Bristow* v. *Lane*, 21 Ill. 194.

The judgment is reversed and the cause remanded.

*Judgment reversed.*