# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—DECEMBER TERM, 1887.

## NILS ERICKSON
v.
## MARCUS R. LYON.

*Replevin—Sale of Corn—Adverse Possession—Evidence—Agreement—Whether with Firm—Instruction.*

1.  In an action of replevin to recover a crib of corn in the custody of a former owner, by whom it had been sold to a local grain dealer, the controversy being between the plaintiff and a firm of commission merchants, both of whom claim the corn as purchasers from said grain dealer to apply on an indebtedness due from him, it is *held:* That the court properly declined to admit oral statements in regard to a written agreement between said grain dealer and commission merchants, but improperly excluded the agreement itself; that the agreement was with the firm, although executed by one of its members in his own name; that it was admissible, even if executory, in view of the other evidence in the case; that the corn in question came within the terms of the agreement as corn upon which money had been advanced; and that there was error in refusing an instruction touching the adverse possession of the corn when sold to the plaintiff.

2.  A sale of personal property, while in the adverse possession of a third person, is void.

[Opinion filed January 7, 1888.]

APPEAL from the Circuit Court of Whitesides County; the Hon. J. V. EUSTACE, Judge, presiding.

Messrs. C. J. JOHNSON and MANAHAN & WARD, for appellant.

Messrs. BENNETT & GREEN, for appellee.

BAKER, J. This was replevin *in the detinet* by Lyon against Erickson to recover a crib of corn. The pleas were *non detinet*, property in defendant, and property in Horine Brothers & Company. Issues were formed on the pleas and tried by a jury, who returned a verdict for the plaintiff; and the judgment was rendered in his favor for the property and for one cent damages and costs.

At the trial it was claimed by the defense that one John G. Plumely, a dealer in live stock and grain in Whitesides County, was, prior to the 22d day of March, 1886, indebted to Horine Brothers & Company, who were in the live stock commission business at the Union Stock Yards in Cook County, in the sum of $13,520, for money loaned merely as an accommodation, and that said firm was also security for him for $8,000 borrowed from Foss, Strong & Company, which it afterward paid. That on the date stated, Horine Brothers & Company, being wholly unsecured, and Plumely being in embarrassed circumstances, and in immediate and pressing need of $1,000, with which to pay interest past due on a mortgage on his farm and also a note of $600 due in bank, for which certain notes and bills receivable were held as collateral security, said Plumely and one C. H. Horine, a member of and acting on behalf of the firm of Horine Brothers & Company, entered into a written agreement of that date. The purport of the agreement, in part, was that Horine Brothers & Company would advance the $1,000 to pay the $600 note and the interest due on the mortgage, and that Plumely would assign to them his notes, bills receivable and book accounts, and would grant, bargain, sell and transfer to them all his interest in contracts or purchases of corn on which he had advanced money, and all his right, title and interest in and to the property named in them, to be held by Horine Brothers & Company, until said corn was marketed and sold, when the proceeds of such

Erickson v. Lyon.

sale were to be applied to the payment of the $8,000 to Foss, Strong & Company, for which Horine Brothers & Company were sureties, or of a note or notes owing by Plumely to Horine Brothers & Company. It was further claimed by the defense, that the corn in controversy was then owned by Plumely and was a part of the corn mentioned in the agreement; and that Horine Brothers & Company advanced the $1,000 as promised. Further, that the crib of corn in question was on the farm of appellant Erickson, and had been bought from him and left in his custody and charge as bailee of Plumely, and was included in a corn contract signed by Erickson and dated February 27, 1886; and that on the 30th of March, 1886, Plumely delivered to one of the members of the firm of Horine Brothers & Company said corn contract of February 27th, and authorized and requested him to mark on the crib, "John G. Plumely to Foss, Strong & Co.," and attach a number for the purpose of delivery and as evidence of a change of title in the corn. That between 3 and 4 o'clock in the afternoon of the first day of April following, said member of the firm of Horine Brothers & Company went to the farm of Erickson, displayed to him the corn contract, informed him the firm were the owners of the corn, marked the crib on two sides with a stencil and paint, and in large letters as follows: "John G. Plumely to Foss, Strong & Co., No. 16," and left the corn in charge of appellant Erickson as the bailee of the firm, he agreeing to hold it for them. It was also claimed that all this transpired prior to any transfer or delivery of the corn to Lyon, the appellee.

For the purposes of the present decision, the theory of the plaintiff in the replevin suit may be very briefly stated. His contention was that the written agreement of March 22d was not evidence of a completed sale of the corn in question to Horine Brothers & Company, but was a mere executory contract; that the corn contract of February 27th was not assigned by Plumely to Horine Brothers & Company, or delivered to them, or placed in their hands, with his knowledge or consent, but obtained by them surreptitiously; that Plumely never authorized them to mark the corn crib or take possession of

the corn, and that he never sold or transferred the corn to them. Further, that on the first day of April, 1886, Plumely sold and transferred the corn to him, in consideration of some $900 indebtedness of Plumely for which he, Lyon, was security and afterward paid; and that about 5 o'clock in the afternoon of said day Plumely went with him to the crib and delivered him possession of the corn, by taking a small quantity of the corn out of the crib and handing it to him, and he carrying it away.

It appears that the trial court excluded from the jury the testimony of C. H. Horine and M. F. Horine in regard to the agreement made with Plumely on the 22d of March in reference to a sale and transfer of corn and corn contracts, on the ground the agreement was afterward reduced to writing by the parties. The court also refused to permit the written agreement of that date to go to the jury, on the ground it did not tend to prove any sale of the corn in controversy to Horine Brothers & Company, and was therefore irrelevant. In our opinion the court properly declined to admit in evidence the oral statements of the witnesses, but erred in excluding the written contract. Ball v. Benjamin, 56 Ill. 105. The grounds urged in support of the ruling of the court are that the contract is not between Plumely and the firm of Horine Brothers & Company, but between him and one C. H. Horine; that the agreement is only executory and not a transfer of the title to the corn; and that the contract does not purport to relate to any corn of which Plumely then was the absolute owner, like the Erickson corn, but only to corn contracts upon which money had been advanced. We think the reasons suggested do not justify the determination of the court. True the contract or "memorandum of things agreed upon" is signed only by Plumely and by C. H. Horine, as certifying "the above memorandum is substantially correct," and is not signed by the firm name; but it is evident from an examination of the whole agreement and all its provisions, that C. H. Horine, who was a member of the firm, was contracting for and on behalf of such firm, and that it was so understood and intended by the parties. Besides this, the memorandum

expressly provides that the agreements, contracts or bills of sale should make Horine Brother & Company the purchasers direct of the corn mentioned therein, or that the sale should be assigned and transferred to Horine Brothers & Company, and the agreement of Plumely therein is to grant, bargain, sell and transfer to Horine Brothers & Company his interest in the contracts and purchases, and all his right, bills and interest in and to the property named in them, " to be held by said Horine Brothers & Company."

Upon the second point made we may remark, that, whether the " memorandum" had the effect, of itself, to vest title in the firm, or was merely an executory contract, it was in either event plainly admissible evidence, tending to prove the issue of property in the firm. There was very great conflict in the testimony whether or not Plumely, on the 30th of March, delivered the Erickson corn contract to Horine Brothers & Company, and authorized them to take possession of the corn covered by it, and mark the crib so as to show a transfer of property and title. This agreement of March 22d would have been very strong corroborative evidence to sustain the witnesses for appellant in that behalf. The fact there was an antecedent agreement so to do, would add strength to the testimony that on March 30th the corn contract and corn were turned over to the firm.

In regard to the third point suggested, we think the terms of the memorandum are broad enough to include the Erickson corn. Plumely held a contract from Erickson for the corn, and had paid $350 on it; but the corn still remained on Erickson's premises and in his crib, and had neither been shelled nor weighed, and it was stipulated in the contract that Erickson should, on notice, shell the corn, and deliver it at the railroad station in Prophetstown. The transaction with Erickson was surely a contract or purchase of corn, upon which Plumely had advanced money; and, if so, he agreed on March 22d to grant, bargain, sell and transfer all his interest in the contract or purchase, and all his right, title and interest in and to the property to Horine Brothers & Company.

There is another error in the record. Appellant requested

the court to instruct the jury that if they believed from the evidence "that at the time of the alleged sale of the corn in question by Plumely to Lyon, Horine Brothers & Company were in the actual adverse possession of such corn, claiming to be the owners of the same, then such sale to Lyon is void and of no effect." The doctrine of this instruction seems to be the law of the State. It was so expressly decided in McGoon v. Ankeny, 11 Ill. 558, and in O'Keefe v. Kellogg, 15 Ill. 347. See, also, Young v. Ferguson, 1 Lit. (Ky.) 289; Gardner v. Adams, 12 Wend. 297, and Overton v. Williston, 31 Pa. St. 155. We are urged to announce a contrary rule, upon the ground the doctrine of the refused instruction is contrary to well established legal principles and against the weight of authority. In O'Keefe v. Kellogg the court of final resort in this State say that the decision in McGoon v. Ankeny was made upon satisfactory authority, and that they still adhere to it. However we might be inclined to hold were the question an open one, and whatever may be the decisions elsewhere, we must follow the law as it is held in this State, until the rule is authoritatively announced to be otherwise.

For the two errors indicated herein the judgment is reversed and the cause remanded.

*Reversed and remanded.*