## City of Aledo v. Isaac R. Vincent and William W. Lair, Partners, Under the Name of The Aledo Electric Light and Power Company.

1. PLEADING—*Defective Declaration.*—A declaration against a municipal corporation founded upon a contract to renew electric lamps if called upon by the corporation, and the necessity appears for so doing, at cost, which fails to show that the plaintiff was called upon by the corporation to renew the lamp, is fatally defective.

Assumpsit, for goods furnished. Appeal from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1894. Reversed and remanded. Opinion filed May 28, 1895.

BASSETT & BASSETT, attorneys for appellant.

PEPPER & SCOTT, attorneys for appellees.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION
OF THE COURT.

This was a suit by appellee commenced in the Circuit
Court to recover $7 for the renewal of certain carbon
holders of electric street lamps under a contract with the
appellant to light the streets. The declaration was de-
murred to by appellant; the demurrer was overruled, and
the appellant abiding its demurrer, judgment was rendered
against it for $7. The claim is based on a certain franchise
or contract under an ordinance of the appellant, granting to
I. R. Vincent and his associates the right and privilege for
the period of fifteen years to erect and operate in the
said city electric works for furnishing and selling electric
lights to the public authorities and the citizens of the city
of Aledo. Section 5 of the ordinance set out in the decla-
ration is as follows: " The city of Aledo, for the purpose of
getting better lights upon the streets than the present coal-
oil lamps, and for the further purpose of encouraging the
said electric plant, will subscribe for, use, take and pay
for not less than thirteen arc lamps, thirty incandescent
lamps, of thirty-two candle power, suspended at the inter-
section of the street crossings at points designated upon a
map furnished by the city council; said Vincent or his assigns
shall put up and furnish all the appliances to furnish said
lamps, the city to pay only the rental and renewal of said
lamps as named hereafter, and further agrees and guarantees
said city that said incandescent lamps shall have an average
life of 800 hours, and the said Vincent and his assigns agree
that they will renew the said lamps, if called upon by the
said city, and the necessity appears for so doing, at cost."

The declaration then avers and describes how that certain
carbon holders were a part of the lamp used to hold the car-
bon in place, and that they had given out, and it was neces-
sary to renew them, and the appellees renewed them at the
cost of $7. The declaration fails to show, however, that

appellees were ever called upon by the city, or that the city ever authorized them to be renewed; we are of the opinion that the declaration fails to show cause of action. The contract does not authorize the appellees to renew the lamps or any portion of them without being requested by the city. The provision in the contract in regard to the renewal of the lamps was placed there for the benefit of the city. If the city saw proper, it could compel the appellees to renew the lamps at cost, but if the city so willed, it might hire other parties to supply lamps, or allow the lamps to go unrepaired; if the city should order the lamps to be renewed, when it was not necessary to renew them, the appellees would not be compelled to do the work; but in case of necessity, and they were ordered or called upon by the city to renew them, then they would be compelled to supply the lamps at cost. The city ought to be notified of the necessity of renewing the lamps before the appellees would be authorized to do the work under any circumstances. Appellees were not required to do the work unless called on, and had no authority to do it.

The promise to pay alleged in the declaration at its close amounts to nothing more than to assert that a cause of action had accrued from the fact stated in the declaration, and that therefore the law implied a promise to pay, and the premises considered, did so promise. The city was not authorized to make a promise except under and according to the contract; such an averment does not help out a defective declaration.

For the above reasons the judgment of the court below is reversed and the cause remanded.