## Robert C. Lambe v. Fred. Heitmeier.

1. GUARANTY—*Of a Debt Payable from a Particular Fund—When the Right of Action Accrues.*—Where one promises to pay the debt of another out of the funds of such other, or that if he does not get the funds that he will pay it anyway, the right of action does not accrue till the promisor receives the funds, or until it becomes certain that he will not receive such funds.

Transcript, from a justice of the peace. Error to the County Court of Clinton County; the Hon. JESSE JONES, Judge, presiding. Heard in this court at the February term, 1897. Reversed and remanded. Opinion filed June 10, 1897.

HUGH V. MURRAY, attorney for plaintiff in error.

DARIUS KINGSBURY, attorney for defendant in error.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was commenced by Heitmeier in justice's court, and tried on appeal in the County Court, where, by agree-

ment a jury was waived, and upon trial the court found for plaintiff and entered judgment on the finding for $32.10 damages and costs of suit. The subject-matter of this suit was $2.50, the price of a pair of shoes ordered by Lambe for James A. White, and delivered to White, on such order, by Heitmeier, and a note dated June 19, 1894, for $27.50, payable one day after date, at five per cent, signed James A. White. Lambe was employed by White to represent him and collect for him money due as his share of an estate in Pennsylvania. It is claimed by Heitmeier that Lambe became liable to pay said note, by reason of a promise made by him to pay the same, in consideration of the dismissal of a former suit brought against him by Heitmeier for the price of the shoes and the payment of costs of said suit, and Lambe contends his promise was to pay out of the proceeds of White's share of the said estate, when collected, and that nothing had been yet collected, but the estate had been settled and White's share would soon be collected; that hence the suit was prematurely brought, so far as the note is concerned. The evidence upon this branch of the defense was conflicting, Heitmeier alone testifying the promise was unconditional, and Lambe and the justice testifying that the promise was to pay out of said share of White when collected, and the further fact was proved that said share would soon be collected.

The memorandum of the justice purporting to be the agreement of the parties as to said promise, was erroneously admitted in evidence. It was not full or correct. If the promise to pay the note had a good and valuable consideration to support it, but was upon the condition that such payment was to be made out of the money Lambe should collect for White, and the evidence showed such money could be collected, the suit was brought too soon. Snell et al. v. Cheney, 88 Ill. 258; Michaells v. Wolf, 136 Ill. 71, and the court erred in refusing to hold, as requested by defendant, the following proposition to be the law: "Where one promises to pay the debt of another out of the funds of such other, or if he does not get the funds that he will pay

.it any way, the right of action does not accrue till the promisor receives the funds, or until it becomes certain that he will not receive such funds." For the error in refusing to hold this proposition to be the law, the judgment is reversed and cause remanded.