## H. A. Kingsbury, et al., v. W. T. Cornelison and Mark Anthony, Executors.

1. STATUTE OF FRAUDS—*when contract for conveyance of land within.* A written instrument for the conveyance of land, signed by the vendor but not by the vendee, is within the Statute of Frauds where the contract is sought to be enforced against the vendee.

2. CONTRACT—*when insufficient as bargain and sale of land.* A contract which merely provides that the vendor shall furnish " a warranty deed and clear title," is insufficient as a contract for the sale and conveyance of land.

3. CONTRACT—*when not specifically enforced.* A contract which is not clear, certain, definite and unequivocal will not be specifically enforced in equity.

Bill for specific performance. Appeal from the Circuit Court of Tazewell County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded with directions. Opinion filed October 9, 1905.

GRAFF & MILES and C. A. WALTMIRE, for appellants.

JACK, IRWIN, JACK & DANFORTH, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill in chancery by appellees against appellants by which it is sought to enforce specific performance of an

alleged agreement in writing for the purchase and sale of certain real estate in Washington, Illinois. A general demurrer interposed to said bill was overruled, and appellants elected to abide thereby. The Circuit Court thereupon entered a decree in favor of appellees and against appellants for $1,400, ordered a sale of the premises to satisfy the same, and authorizing a decree for any deficiency. To reverse said decree the defendants prayed an appeal.

The bill avers that John H. Anthony died seized in fee of a certain lot in Washington, Illinois; that by his will he named complainants as his executors, who have qualified as such; that by said will complainants, as executors, were vested with authority to sell any or all real estate owned by said testator at the time of his decease; that the estate of said John H. Anthony is solvent and that the executors have in their hands sufficient personal property to pay all claims which may arise; that complainants, as executors, being desirous of selling said premises, and Louis J. Danforth, one of the defendants, being named to purchase the same, complainants as executors and H. A. Kingsbury, one of the defendants, the duly authorized agent of said Louis J. Danforth, "on, to wit, the 2nd day of February, 1904, entered into a certain agreement respecting said sale and purchase of the said property above described, and the said H. A. Kingsbury, for and in behalf of and as the agent of the said Louis J. Danforth, paid to your orator, Mark Anthony, for and in behalf of your orators, as executors, the sum of one hundred dollars as part of the purchase money for said premises, at the time of making said agreement, and thereupon the said Mark Anthony, acting for and in behalf of your orators, as executors, made to the said H. A. Kingsbury, as agent for the said Louis J. Danforth, a certain receipt and agreement in writing, respecting said sale and purchase, in the words or to the purport and effect following, to wit:

'WASHINGTON, ILLS., Feb. 2, 1904.

Recd. of H. A. Kingsbury One hundred dollars ($100.00), being part payment of the principal sum of Fifteen hun-

dred dollars ($1,500.00) for which amount I agree upon the payment of balance ($1,400.00) to furnish the said H. A. Kingsbury or other party he may designate, a warranty deed and clear title to property known as veterinary barn occupied by C. H. Anthony, Washington, Ills. I further agree that in case of failure to furnish sufficient and clear title, return $100.00 to said H. A. Kingsbury.

MARK ANTHONY.' "

The bill further avers that the property known as veterinary barn occupied by C. H. Anthony, Washington, Illinois, is particularly described as east half of lot 4 in Yaeger's addition to the city of Washington, etc.; that H. A. Kingsbury having designated Louis J. Danforth as the person to whom the conveyance should be made, complainants, on April 20, 1904, delivered to H. A. Kingsbury and Louis J. Danforth an abstract of title, and a certain quit-claim deed and a warranty deed from complainants; that the abstract of title, the will and deeds are sufficient to vest clear title in Louis J. Danforth, and upon tender of same, balance of purchase price in said contract and receipt mentioned, being the sum of $1,400, became and was immediately due and payable from the said H. A. Kingsbury and the said Louis J. Danforth to complainants; that H. A. Kingsbury and Louis J. Danforth caused the said abstract of title and the said deeds to be returned to complainants, refused to pay the $1,400 stating that the title was not satisfactory; that complainants tender the abstract and deeds. The prayer of the bill is that the defendants may be compelled to perform said agreements and to pay to complainants the remainder of the purchase price, complainants being willing and offering to let the said H. A. Kingsbury and the said Louis J. Danforth into the possession of the rents, issues and profits of said premises.

The errors assigned are that the court erred in overruling defendant's demurrer, in not dismissing the bill for want of equity; and first, it is contended by appellant, that the bill is obnoxious to the general demurrer for the reason that it appears on the face of the bill that the alleged receipt and

agreement in writing is not signed by the party sought to be charged, as required by the Statute of Frauds. If this be true, the defense is properly raised by general demurrer. Fowler v. Fowler, 204 Ill. 82. Inasmuch as the bill sets out the instrument in question as the contract upon which the relief sought is predicated, and it is not averred that any other or different or additional writing or memorandum relating to the transaction, was signed by either of the parties or by any one for them, or either of them, the question is presented, primarily, whether a vendor can enforce the specific performance of a contract for the sale of land, which is signed by the vendor and not by the vendee.

Section 2 of the Statute of Frauds, provides that "no action shall be brought to charge any person upon any contract for the sales of lands * * * unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person, thereunto by him lawfully authorized in writing, signed by such party." Rev. Stat. (1903), 995.

While the courts of last resort of some States have answered the proposition in the affirmative (8 Am. & Eng. Enc., 718), and in others have held the contrary (29 Am. & Eng. Enc., 858), the rule in Illinois seems to be that the statute is to be construed as intending that the writing or memorandum must be signed by the party against whom it is sought to enforce the contract, which in this instance is the vendee, appellants.

In Wilson v. Miller, 42 App. 332, wherein it was sought to hold the vendee under a written instrument, substantially similar to that herein involved, and which was signed by the vendor only, it was held that the instrument in question did not constitute a memorandum in writing, signed by the party to be charged, within the purview of the Statute of Frauds. The Supreme Court, upon appeal, held that if the contract was to be governed by the laws of Illinois, the decision of the Appellate Court was correct. It further held, however, that the contract having been made in the State of Kansas for the sale of real estate, sit-

Kingsbury v. Cornelison.

uated in that State, the Statute of Frauds of such State, and not that of Illinois, should have been interposed as a defense, and the judgment of the Appellate Court was reversed accordingly.

In Esmay v. Gorton, 18 Ill. 483, after quoting the language of the statute, the court says: "A party who has not signed an agreement relating to land, may enforce it against one who has signed it, although he could not himself have been compelled to execute it." In Wood on Statute of Frauds, sec. 405, referring to the Statute of Frauds, it is said: "The end and object of the statute are attained by written proof of the obligation of the defendant. He is the party to be charged with a liability, and the one intended to be protected against the dangers of false oral testimony."

In the case of Moore v. Powell, 6 Tex. Civ. App. 432 (25 S. W. Rep. 472), wherein substantially the same questions as are involved in this case were under consideration, and under the statute requiring the writing to be signed by the party to be charged, the following written instrument constituted the basis of the proceeding: "Received of W. F. Barnes and R. F. Powell five hundred dollars, as part payment on brick block owned by A. Moore and J. C. King, the purchase price to be $10,000, payable as follows: $5,750 cash and assumption of notes, etc., * * * trade to be consummated when abstracts and deeds are furnished. (Signed) E. S. Wiseman, Agent for A. Moore."

The suit was brought by A. Moore and another against R. F. Powell, seeking to recover $5,250 (after admitting credit of $500) in specific performance of the contract in question. In construing the language of the statute, the court said: "The doctrine is that when a contract is executory on both sides, and there has been no part performance, if the vendee seeks specific performance, he must show a memorandum of the sale, signed by the vendor; and if the vendor seeks to enforce the payment of the purchase money, he must prove a promise in writing, signed by the vendee. The part performance to take a case out of the

operation of the statute, must be by the party who seeks to enforce the contract. In the present case there is an absence both of the requisite signing by the parties sought to be charged, and of a part performance by the parties seeking to charge them."

Second. It is next contended by appellants that even if the signatures of appellants were attached to the instrument, and the language thereof bound them to purchase, nevertheless the agreement could not be enforced for the reason that it does not purport to bind the owners of the property; that by it they are not bound to sell and convey the same, but merely to furnish a warranty deed therefor. The contention is well founded. By the instrument which is signed by and binds Anthony only, he merely agrees to furnish "a warranty deed and clear title" to the property. He does not agree that he or any particular person will convey title to the property. The agreement could be complied with by furnishing a warranty deed from any one. Furthermore there is nothing in the agreement binding Kingsbury to purchase the property. Under it he had the option to do so or not, at his pleasure.

A contract which will be specifically enforced in a court of equity must be clear, certain, definite and unequivocal in its terms, and not vague and uncertain in any of its essential particulars.

Applying the views expressed to the bill at bar, it is manifest that no grounds for equitable relief are presented thereby. The action of the Circuit Court in overruling the demurrer thereto was, therefore, erroneous.

The decree will accordingly be reversed and remanded to the Circuit Court, with directions to sustain the demurrer to the bill.

*Reversed and remanded with directions.*