### L. D. Abbott v. J. M. and J. A. Scotten.

1. CONTRACT—*right of third party to sue upon.* A third party for whose benefit a contract is made may maintain assumpsit thereon in his own name, whether the contract is simple or under seal.

Action commenced before justice of the peace. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

ALEX FLANNIGEN and VICTOR KOERNER, for appellant.

F. C. SMITH, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced before a justice of the peace of St. Clair county, by appellees against appellant. From the judgment rendered by the justice an appeal was prose-

cuted to the City Court of East St. Louis, where the case was tried by a jury, resulting in a verdict and judgment in favor of appellees for $68.16.

The evidence tends to prove that appellant was acting as the agent for his son-in-law, E. D. Basford, in the transaction out of which this suit arose, and that Mrs. Minnie S. Johnson was acting as agent for appellees, her father and mother. The transaction was the purchase by appellees of certain real estate owned by Basford. Appellees were not present and neither they nor Mrs. Johnson knew as to the financial responsibility of Basford, so the matter was arranged by appellant, Basford's agent, guaranteeing the performance of certain undertakings on the part of Basford. Among these was one in which it was "agreed that the taxes for the year 1903 are to be paid promptly when due by the said E. D. Basford." The guaranty is in writing, and so much of the contract as is involved in this case is as follows: "The following agreement entered into this 3rd day of September, 1903, between E. D. Basford, party of the first part, and Mrs. Minnie S. Johnson, agent for J. M. and J. A. Scotten: Whereas, J. M. and J. A. Scotten have this day purchased a certain brick building situate on Tenth street in the City of East St. Louis from the said E. D. Basford, it is therefore agreed that the taxes for the year 1903 are to be paid promptly when due by said E. D. Basford." This writing was signed: "Mrs. Minnie S. Johnson." "E. D. Basford." And immediately after these signatures is the following: "I guarantee the above as far as E. D. Basford is concerned. L. D. Abbott." The deed and this contract and guaranty were delivered to Mrs. Johnson for appellees and were so accepted by her, at the same time, and were parts of one and the same transaction.

Counsel for appellant insist that the contract is merely a contract between Basford and Mrs. Johnson, and that appellees have no right thereunder, and that no action in their name can be sustained.

Appellant dealt with appellees through Mrs. Johnson as their agent, and it is apparent not only from the evidence,

but from the face of the instrument that the undertaking to be performed was for the direct benefit of appellees. The law in such case is: "A third party for whose benefit a contract is made may maintain assumpsit thereon in his own name, whether the contract is simple or under seal." Webster v. Fleming, 178 Ill. 140; Eddy v. Roberts, 17 Ill. 505; Bristow v. Lane, 21 Ill. 194; Ball v. Benjamin, 56 Ill. 105; Insurance Company v. Olcott, 97 Ill. 439; Steele v. Clark, 77 Ill. 471; Crandall v. Payne, 154 Ill. 627; Splane Co. v. Barber, 194 Ill. 171.

Counsel say, another ground for reversal is that the judgment is in favor of both J. M. and J. A. Scotten and that under the contract appellant could only be liable to the person who actually paid the taxes, and that payment was made by J. M. Scotten alone.

The evidence tends to prove that while J. M. Scotten, the husband, actually carried the money to Belleville and handed it over to the tax collector, he did so as well for and on behalf of his wife, his co-grantee, co-obligee and co-appellee, as for and on behalf of himself. One witness testified that "J. M. and J. A. Scotten advanced the money." And the tax receipt in evidence recites that the money, $68.16 was "received of J. M. and J. A. Scotten."

Finally, counsel contend that the taxes claimed for in this suit were not paid on the property mentioned in the contract.

This contention is not warranted here, by the state of evidence disclosed in the record. The state of the evidence fully warranted the jury in all the findings of fact necessary to support the verdict.

The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*