**State Bank of Rock Island, Appellant, v. Charles H. Pope et al., Appellees.**

**Gen. No. 5,708.**

1. CORPORATIONS—*bill on note, payable out of surplus, must charge existence of surplus.* A corporation issued a series of fifty "restricted treasury notes," in which it "promises to the bearer" or registered holder, $1,000 subject to several conditions, one of which was that the principal "shall be paid only from the surplus of the company's assets in excess of its co-existing other liabilities." The corporation becoming insolvent with debts of $300,000, its capital stock being $100,000, the holder of six such notes filed a bill under section 16 of the Corporation Act to enforce personal liability of the directors for assenting to an indebtedness in excess

of the capital stock. *Held*, that the promise being merely conditional, conferring a contingent lien on the corporate assets, remaining after the payment of its debts, failure to allege the existence of such a surplus and the fulfillment of all the conditions precedent on which the right of action depends, renders the bill bad on demurrer.

2. Corporations—*directors personally liable only to bona fide creditors*. Officers of a corporation assenting to its incurring debts in excess of the amount of its capital stock are not personally liable, under section 16 of the Corporation Act, to a complainant who fails to show that he is a bona fide creditor of the corporation.

3. Corporations—*liability of directors before remedy exhausted against corporation*. The personal liability of directors assenting to a corporate indebtedness in excess of the amount of capital stock for a claim which has not been reduced to judgment and where the remedy against the corporation has not been exhausted, is a question not authoritatively settled in this state.

4. Equity—*when allegation of title to instrument not certain*. An averment in a bill that complainant is "the lawful holder and legal owner" of a non-negotiable instrument which is registered on the books of the corporation executing it in the name of another whose name is endorsed thereon, does not allege equitable title in complainant, with the certainty required.

5. Equity—*owner of beneficial interest must sue in own name.* In equity, the owner of the beneficial interest not only may, but must sue in his own name.

6. Assignments — *endorsement of non-negotiable instrument*. The endorsement of a name on the back of a non-negotiable note may or may not be intended as an endorsement for the purpose of transferring title.

7. Parties—*all holders of a series of notes, payable out of a surplus, are necessary parties*. In chancery proceedings to enforce payment of a part of a series of "restricted treasury notes" of a corporation which are payable only out of the surplus of its assets over its indebtedness, all the holders of the remaining notes are necessary parties, because of the contingency of a *pro rata* distribution.

Appeal from the Circuit Court of Rock Island county; the Hon. Frank D. Ramsay, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913. Rehearing denied. *Certiorari* denied by Supreme Court (making opinion final).

J. T. & S. R. Kenworthy and Connelly & Connelly, for appellant.

SHALLBERG & HARPER and PEEK & DIETZ, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

A bill was filed in the Circuit Court of Rock Island county, April 22, 1912, against Charles H. Pope, A. E. Montgomery and Burton F. Peek, three directors of the Midland Motor Company, an Illinois corporation (which corporation was also made defendant), by the State Bank of Rock Island on behalf of the complainant and all other creditors of said corporation to charge the defendants, Pope, Montgomery and Peek, for the debts of the corporation under section 16, of our "Corporations Act" which provides "If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation, assenting thereto, shall be personally and individually liable for such excess, to the creditors of such corporation." The trial court sustained demurrers to the bill and the complainant standing by its bill, the bill was dismissed for want of equity, from which action of the court this appeal is prosecuted.

It appears from the allegations in the bill that the Midland Motor Company on November 1, 1908, issued fifty notes each reading as follows:

"MIDLAND MOTOR COMPANY,
Restricted Treasury Note.

"Three years after date, for value received, the Midland Motor Company, a corporation, organized and existing under and by virtue of the laws of the State of Illinois, with its principal place of business in the City of East Moline, in said state, hereby promises to the bearer, or, if registered, as hereinafter provided, to the registered holder hereof, the sum of one thousand dollars, lawful money of the United States at the People's Savings & Trust Company of Moline, Illinois, with interest on said sum at the rate of seven per cent.

(7 per cent.) per annum, payable semi-annually, according to the tenor and effect of six interest coupons for thirty-five dollars each, attached hereto, signed by the President of said company, and made a part hereof. This is one of a series of fifty, one thousand dollar ($1,000.00) redeemable, restricted, deferred treasury notes of said company, numbered one to fifty inclusive, issued by authority of the Board of Directors, on the 19th day of October, A. D. 1908, and is subject to the following conditions and restrictions, viz:

"(1) Redeemable at option of company on any interest pay day.

"(2) The principal of this note except as herein otherwise provided, shall be paid only from the surplus of the company's assets in excess of its co-existing other liabilities, except capital stock, to which capital stock it shall always be preferred.

"(3) In case of the insolvency, dissolution, or other winding up of the affairs of said company, its entire assets, after the payment in full of all other liabilities (including unpaid interest upon outstanding notes of this series), except capital stock, shall be applied so far as necessary *pro rata* in payment of the principal of all of the then outstanding notes of this series.

"(4) In no event shall this note be treated as a personal liability of or any claim hereunder be enforced in any way against any of the present or future stockholders of said company.

"(5) Upon the request of the legal holder hereof, this note shall be registered upon the books of said company in the name of such holder, and thereafter, until otherwise registered, shall be transferred only by assignment.

"(6) Agreement to keep plant and stock insured.

"In Witness Whereof, the said Midland Motor Company has caused this note to be signed by its President, and its corporate seal, duly attested by its Treasurer to be hereunto affixed and has hereunto attached coupons, as above stated, with the name of the Presi-

dent signed thereon, and has caused this note to be dated the first day of November, A. D. One thousand nine hundred and eight.

"MIDLAND MOTOR COMPANY,
By C. H. POPE, President.
"(Corporate Seal)
Attest:
A. E. MONTGOMERY,
Treasurer."

Appellant is the "Lawful holder and legal owner, for value," of six of said notes and twelve of said coupons unpaid. There was endorsed on each of said six notes:

"No writing below except by an officer of the Midland Motor Company.

In whose name Registered

| Date of Registry | | Registrar |
|---|---|---|
| Dec. 15, 1908 | E. H. GUYER | C. H. POPE. |

E. H. GUYER."

The capital stock of the corporation was $100,000, and after the issuing of said notes and before the filing of the bill herein, the indebtedness of the corporation aside from these notes was more than $300,000. The defendants Pope, Montgomery and Peek were three of the five directors of the corporation from its organization, Pope was president and Montgomery treasurer. E. H. Guyer in whose name the bonds were registered, was also one of the directors until August, 1909, when he resigned. The three defendant directors assented to all of said indebtedness.

The Corporation was at the time of filing the bill and for many months prior thereto insolvent, its debts far exceeding its resources, and wholly unable to pay off and discharge its liabilities due to various creditors. If these notes be not considered a debt whether it has assets sufficient to pay its indebtedness, or less or more, is not stated.

The contracts in question, omitting provisions not

material to the issue here, are "Three years after date, for value received, the Midland Motor Company, ........ hereby promises to the ·bearer, or, if registered ........ to the registered holder hereof, the sum of one thousand dollars, .................. to be paid only from the surplus of the company's assets in excess of its co-existing other liabilities, except capital stock, to which capital stock it shall always be preferred ......... In case of the insolvency ......... of said company, its entire assets, after the payment in full of all other liabilities (including unpaid interest upon outstanding notes of this series), except capital stock, shall be applied so far as is necessary *pro rata* in payment of the principal of all of the then outstanding notes of this series."

It is clearly not an unconditional contract to pay money in any event; the words, to pay, are not used. It amounts to a lien on or right in the proceeds of the corporate assets remaining after the payment of its debts. If at the expiration of three years there should be sufficient of those assets after payment of debts, to pay the principal of these notes, then the holders were entitled to payment in full. If at that time the company was insolvent and there were only sufficient remaining assets to pay one-half of these notes, then the various holders were entitled to receive fifty cents on the dollar of the principal amount of the notes. It seems clear that these notes created no obligation on the part of the corporation to pay any part of the principal to the holder thereof, unless there were some surplus after paying other indebtedness, or unless it had assets sufficient to pay its other indebtedness, and leave a surplus applicable to the payment of these notes. The promise therefore, is contingent, depending upon the amount of assets and liabilities of the corporation at the time when it is sought to enforce these obligations. The existence of a surplus is a condition precedent to any liability of the defendant com-

pany on these notes. Where a right of action depends upon a condition precedent, its fulfillment or a legal excuse for its nonfulfillment must be both alleged and proven and if such allegation be omitted, either in a declaration at law or a complaint in equity, the pleading will be bad on demurrer. 9 Cyc. 719; Meyers v. Phillips, 72 Ill. 460; Snell v. Cheney, 88 Ill. 258; Lyman v. Northern Pac. Elevator Co., 62 Fed. 891; City of Aledo v. Vincent, 59 Ill. App. 179; Lambe v. Heitmeier, 70 Ill. App. 455.

It is urged by appellee's counsel that appellant has no standing on its bill because it is not averred that its claim has been reduced to judgment and its remedy exhausted against the defendant corporation; this question is not authoritatively settled in this state, but it is settled that appellees, as officers, cannot be held liable under the statute, for assenting to the creation of an indebtedness in excess of the amount of the capital stock, on a bill filed by a party who fails to show that it is a bona fide creditor of the corporation (Wolverton v. Taylor & Co., 157 Ill. 485;) therefore though this bill in failing to show that the complainant is a judgment creditor may be good, it cannot be good on a showing that it is a creditor under certain conditions and contingencies without alleging the existence of the conditions on which its rights depend.

Appellee may be in a different position as to the twelve coupons, they are not set forth or described further than above appears. It does appear from the recitals in the note that the coupons are not subject to some of the conditions and restrictions imposed on the principal debt; it does not affirmatively appear that they are unconditional promises to pay; it is not suggested in appellant's brief and argument that they should be treated differently from the principal note, and no reason is suggested for distinguishing them therefrom. The allegations in the bill as to these coupons and their ownership were insufficient to give

appellant a standing as the bona fide creditor of the
defendant corporation. There is no allegation in the
bill as to when or how appellant obtained these notes
and coupons, it is said to be "the lawful holder and
legal owner for value," it is argued that this averment
does not amount to a statement that it is the equitable
owner and that the instrument by its endorsement or
registration affirmatively shows that appellant is not
the legal owner, but that E. H. Guyer, in whose name
it was registered December 15, 1908, is the legal owner;
that the name E. H. Guyer endorsed on the note, and
the endorsement in no way alluded to or explained
in the bill, cannot be taken as an assignment; also that
the instrument is not negotiable and could not pass
by assignment and that appellant has no standing as
an equitable owner because it has not brought itself
within the provisions of our Practice Act permitting
actions by equitable owners in their own name. This
is a suit in equity and the owner of the beneficial in-
terest not only may but must sue in his own name
(Press v. Woodley, 160 Ill. 433); but the note is not
a negotiable instrument, the coupons may or may not
be, so far as the bill discloses. The name E. H.
Guyer on the back of the note may or may not be in-
tended as an endorsement for the purpose of trans-
ferring title. It may well be doubted whether the bill
alleges, with that certainty required in pleading a
cause of action, the equitable title of appellant in the
notes and coupons in question.

It is also argued that the bill on its face discloses
other necessary parties defendant, that if a court of
equity is to entertain jurisdiction to enforce the rights
of the holder of a part of this series of notes against
the corporation, that the holder or holders of the re-
maining notes of the series are necessary parties, that
there might be, in case of deficiency of surplus to pay
all the notes in full, the *pro rata* distribution among all
the holders provided for in the contract. This posi-

tion seems to us to be well taken. Various other questions are presented and argued, but in the view we take of the case it is unnecessary to decide them. In our opinion the bill failed to state a cause of action against the defendant and the trial court did not err in sustaining the demurrer thereto and dismissing the bill for want of equity.

The decree of the Circuit Court is affirmed.

*Affirmed.*