Charles Gardner, Appellee, v. A. R. Shekleton et al.,
Appellants.

Gen. No. 33,311.

Opinion filed May 29, 1929.

JOSEPH W. Cox, for appellants.

OSSIAN CAMERON and EDWARD H. S. MARTIN, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action of assumpsit for money had and received by the defendants to the plaintiff's use.

In the first instance plaintiff filed a declaration of three counts, the first a special count, secondly the consolidated counts, and thirdly on an account stated. Thereafter by leave of court plaintiff filed an additional count. Defendants filed a demurrer to the special count. Plaintiff also filed a bill of particulars, and defendants filed a demurrer to the additional count of the declaration, and also made a motion to strike the bill of particulars from the files. The order to strike was withdrawn and the demurrers to the special count and additional count were sustained. Defendants filed no other pleadings. Neither did they file any affidavit of meritorious defense. In this condition of the pleadings the cause proceeded to trial by agreement before the trial judge, trial by jury being waived. After hearing the proofs the court found the issues in favor

of the plaintiff and allowed his damages at the sum of $1,357.65. After overruling motions for a new trial and in arrest of judgment, a judgment on the finding was entered for the amount thereof, $1,357.65, and defendants bring the record here by appeal.

The abstract does not conform to Rule 18 of this court which provides that the party bringing the cause to this court shall furnish a complete abstract or abridgment of the record, therein referring to the pages of the record on the margin.

In the special count there is set forth *in haec verba* the contract declared upon. This is not abstracted, but is set out in full with attestation clause and signatures of the parties with the indorsements found upon the back of the contract. We would be justified in striking this abstract from the record on our own motion for such noncompliance with Rule 18.

It appears from plaintiff's evidence that about March 1, 1927, he had some dealings with defendants through their representative, a Mr. Vinson; that at that time he turned over to Vinson two real estate contracts of Frank G. Croissant Company and one from Frank A. Riley Company; that the equity of plaintiff in the contracts was agreed to be the sum of $1,250, which was received as a part payment and consideration for the contract for the purchase of Lot 16, Block 8 of Shekleton Brothers Third Addition, etc., and for which the contract, offered in evidence, reciting the terms of the sale of said lot, was given by defendants to plaintiff. This agreement in its preamble recites: ''This agreement made this 22nd day of November, 1927, between Shekleton Brothers Realty Trust, dated November 7, 1926, and known as Trust No. 2556, of which The Foreman Trust and Savings Bank, a corporation, is Trustee, as party of the first part . . . and Charles Gardner, 558 Fullerton Parkway of Chicago, Illinois, as party of the second part,'' and was executed in accord with such recitation.

Plaintiff contends that such written contract was wholly null and void for the reason that the same did not purport to be a contract between the plaintiff and any living or artificial person, but purported to be a contract between the plaintiff and a written document or chose in action, to wit: Shekleton Brothers Realty Trust 2556, dated November 7, 1926, and known as document number 2556, and therefore the $1,250 so received by defendants from plaintiff is money had and received for and to his use; that by reason thereof defendants became and were indebted to plaintiff in the sum of $1,250, which they thereupon promised to pay.

Plaintiff urges many errors of a technical character in regard to procedure and as to the condition of the abstract, and that such errors are sufficient, regardless of any others, for this court to affirm the judgment without reference to the merits. However, be that as it may, we prefer to decide this case upon the merits and the matters in controversy within which the rights of the parties rest, as disclosed by the record.

The real point at issue springs from the contention that the contract is null and void as the vendor in the contract is neither an individual, a partnership, nor a corporation, and that therefore as defendants received plaintiff's money under the pretense that said contract was valid, they are liable to pay the same back to plaintiff, as money had and received for his benefit. We think the point is well taken. If the vendor in the contract is not a partnership, an individual or a corporation, then no action would lie against it, and we find no evidence in the record which would warrant any other conclusion. This being so, plaintiff has a right to recover his damages as for money had and received by defendants to plaintiff's use.

In *Weber v. Hulbert,* 225 Ill. App. 321, it was held that the contract, if it was such, was unilateral, lack-

ing in mutuality and void, citing *Vogel v. Pekoc,* 157 Ill. 339; *Joliet Bottling Co. v. Joliet Citizens' Brewing Co.,* 254 Ill. 215; *Kingsbury v. Cornelison,* 122 Ill. App. 495, and that there was no consideration for plaintiff's payment of the $1,250 and for her promise to make further payments, and that she was entitled to recover back the $1,250 in an action for money had and received. (*Smith v. Weaver,* 90 Ill. 392; *Bradford v. City of Chicago,* 25 Ill. 411; *Laflin v. Howe,* 112 Ill. 253; *Drennan v. Bunn,* 124 Ill. 175.)

That is the situation in the instant case. The contract lacks mutuality because there is no one against whom plaintiff could proceed as vendor to compel a conveyance. The so-called contract in question is under seal and cannot be varied by parol, and the authorities are to the effect that in a contract under seal a person not named in the contract as a party thereto cannot be held liable, or have the advantage of a contract made in some other name on the theory that it was made for his benefit as an undisclosed principal or otherwise.

In *Walsh v. Murphy,* 167 Ill. 228, it was held that the rule in regard to instruments under seal made by an agent, as in the case at bar, is that in order to bind the principal and make it his contract, it must purport on its face to be his contract and the seal must purport to be his. An agent cannot ordinarily bind the principal by a sealed contract executed in his own name nor can the principal ordinarily avail himself of such a contract and sue the other party in contract thereon. An undisclosed principal whose authorized agent has made such a contract in his behalf can neither sue nor be sued on it. This rule was laid down in *Mears v. Morrison,* Breese 223. In that case William Morrison was sued on an instrument under seal signed "Guy Morrison, agent," and dated June 17, 1818, by which he sold to William Mears, plaintiff, the time that a negro girl

and her children had to serve defendant, William Morrison, she being a daughter of a servant of said Morrison, indentured under the laws of the territory of Illinois concerning the indenturing of slaves. The trial court arrested the judgment upon the ground that the instrument declared on created no liability on the defendant, William Morrison, because the covenant was that of Guy Morrison, agent, and the seal was not the seal of William Morrison, the principal. This rule has since been applied in *Moore v. House,* 64 Ill. 162; *Gautzert v. Hoge,* 73 Ill. 30, and *Harms v. McCormick,* 132 Ill. 104; and in the last case it was said that the rule was not abrogated by section 19 of the Practice Act (now Cahill's St. ch. 110, ¶ 33), which provides additional forms of action upon sealed instruments. A different rule prevails as to contracts not under seal, and as to such contracts, if the nature and circumstances of the transaction show an intention to bind the principal and not the agent, effect will be given to such intention.

There is no issue joined for trial in this case, as defendants failed to plead. In this condition of the record they were not entitled to put in any defense except in mitigation of damages. *Binz v. Tyler,* 79 Ill. 248. Plaintiff was entitled, if the court saw fit to accord him that privilege, if he had asked it, of having a judgment as in the case of default on his affidavit of claim. However, the evidence of plaintiff established his claim, and from it the court was warranted in finding the issues in his favor and assessing his damages in the amount which the court did.

Finding no reversible error in the record, the judgment of the superior court is affirmed.

*Affirmed.*

Wilson and Ryner, JJ., concur.