Antanas Balchunas, Appellee, v. William Novicki et al., Appellants.

Gen. No. 34,148.

Opinion filed April 28, 1930. Rehearing denied and opinion slightly modified May 12, 1930.

Hermann P. Haase, for appellants.

Julius L. Kabaker and Jacob G. Grossberg, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Defendants appeal from a decree awarding complainant $2,074 and interest in a mechanic's lien proceeding brought by complainant as assignee. The decree finding the issues for complainant was entered upon the recommendations of a master who took the testimony and reported conclusions.

Defendants' brief entirely ignores the requirements of Rule 19 of this court, which has made it somewhat difficult to ascertain the decisive points involved.

Defendants' principal point seems to be that, as the contract giving rise to the mechanic's lien was under seal between parties other than the complainant, the right to bring suit is confined to the parties to the contract and cannot be brought by complainant. To understand the bearing of this point, we outline briefly the facts as set out by the master.

About June 15, 1925, Joseph C. Wolin, who was doing business under the name of General Construction Company, was the real owner of the premises in question known as 3805 South Robey Street, Chicago, but on account of some domestic troubles the legal title to the lot was in the names of Edna McLennan and Edward Graff but held by them in trust for Wolin.

Wolin was a builder and had previously erected and owned a two-story flat building elsewhere on Robey Street, and William Novicki, one of the defendants, desiring to have a similar building, negotiated with Wolin for such a building on the lot in question. Pursuant to these negotiations William Novicki and Martha Novicki, defendants, entered into a contract with Edna McLennan whereby Edna McLennan, for a consideration of $15,000, agreed to erect a two-story building upon said premises in accordance with certain drawings and specifications and to convey the lot with all improvements to William and Martha Novicki in consideration of the Novickis conveying certain other premises. Edna McLennan also agreed to

procure certain mortgages upon the premises. Edna McLennan entered into said contract under directions of Wolin and the parties were informed immediately subsequent to the signing of the contract and prior to and during the construction of the building, that said contract was signed by Edna McLennan for the use and benefit of and on behalf of Wolin. The subsequent exchange of the properties was carried out between William Novicki and Wolin, Edna McLennan and Edward Graff conveying the lot in question to William and Martha Novicki, as the contract provided.

Wolin supervised all the work upon the building, hiring subcontractors and paying them, all with the knowledge and consent of William Novicki. All the moneys paid out of a mortgage loan for labor and material were paid upon the written authorization signed by William Novicki and Wolin, and both William and Martha Novicki knew that the signature of Wolin was required to authorize payments and they consented thereto. The building was erected and completed pursuant to the terms of the contract except as to a fence about the yard, for which the master gave credit to the defendants. William and Martha Novicki took possession of the premises in January or February, 1926, and the only dispute between them and Wolin after the completion of the building was with reference to allowance for rentals for the time the flats were unoccupied. The master further found that there was due complainant $2,119 with interest, less a credit of $45, for the failure to build the fence above referred to. On March 17, 1926, a claim for lien in proper form was filed with the clerk of the circuit court of Cook county, signed by the General Construction Company by Joseph C. Wolin, and referring to the contract between Edna McLennan and the defendants. On September 1, 1927, Wolin in writing sold and assigned all his right, title and interest in and to his claim for

lien arising out of the contract, to Antanas Balchunas, the complainant herein. It also appears that at the close of the proof on behalf of complainant defendants failed to offer any proof in opposition. The master further found that defendants contended that under the facts complainant could not prosecute this suit, but the master found that Edna McLennan signed the contract of June 15, 1925, as a dummy for Wolin and that William Novicki negotiated and dealt with Wolin throughout the construction of the building and that Wolin was, in fact, the principal in the transaction.

As a general proposition, a bill in equity may always be maintained by the real party in interest, suing in his own right and for his own benefit. *Wolverton v. Taylor & Co.,* 157 Ill. 485; *Press v. Woodley,* 160 Ill. 433; *State Bank of Rock Island v. Pope,* 179 Ill. App. 282.

Edna McLennan was made a party to the bill and has been defaulted. She makes no defense here and the defendants cannot make it for her.

Defendants contend that the contract of June 15 was under seal and therefore the only parties entitled to bring suit are the parties to the contract, citing *Walsh v. Murphy,* 167 Ill. 228; *Gardner v. Shekleton,* 253 Ill. App. 333. Examination of these cases shows that they are not in point, but even if they were the question has been decided contrary to defendants' contention in *Webster v. Fleming,* 178 Ill. 140, which reviews many, if not all, of the prior cases in this State. This case holds that a third party for whose benefit a contract is made may bring an action thereon in his own name, whether the contract is simple or under seal. Regardless of the rule prior to the enactment of section 33, Practice Act, Cahill's St. ch. 110, ¶ 33, this section and section 34 abolish the distinction between contracts under seal and those not under seal (except penal bonds) so far as bringing an action on such contract is concerned. See also *Harts v. Emery,*

184 Ill. 560; *American Splane Co. v. Barber,* 194 Ill. 171.

Other points suggested in the brief are not important. There is no defense on the merits and the equities are with complainant. The decree is affirmed.

*Affirmed.*